## HAMMOND *v.* DEAN.

1. LANDLORD AND TENANT. *Tenancy from year to year. Statute of frauds.* A lease of land in parol for a term of more than one year is void, under the statute of frauds; but in such case, where the tenant holds over after the first year, he becomes a tenant from year to year, upon the same terms as existed for the first year.

2. SAME. *Sub-tenant.* Where a tenant under a parol contract of lease for three years, sub-let the premises to another for the residue of his term, he having occupied them for one year, and the sub-tenant went into possession, but afterward and during the first year of *his* term surrendered the premises to the original lessor, and re-rented from him, upon suit brought by the original lessee against him for rent for that year, held, that the original lessee was entitled to recover, 1st, because the holding over after the first year made him a tenant from year to year, with authority to sub-rent for that year, and 2d, because the sub-lessee was estopped to deny his title, and the original lessor could not, after the beginning of the second year, terminate the lease for that year, and by the attornment of the sub-tenant to him, make the latter his tenant.

Cases cited: Duke *v.* Harper, 6 Yer., 280; Shepherd *v.* Cummings, 1 Col., 354.

Code, sec. 1758.

---

FROM GREENE.

---

Appeal from the Circuit Court. E. E. GILLEN-WATERS, Judge.

PETTIBONE & ROBINSON for plaintiffs.

P. A. RODDY for defendant.

NICHOLSON, C. J., delivered the opinion of the court.

This suit was brought by Hammond in the Circuit Court of Greene county to recover of Dean two hundred dollars for the rent of a farm for the year 1869. The contract of lease was in writing, signed by both parties; it recites that "the said. H. C. Hammond has this day leased a certain tract or parcel of land; said land is the land that the said Hammond leased of W. W. Drake, known as Drake's land," etc. After setting out the terms of the lease for two years, it proceeds: "the last year, in the fall, Dean is to sow the land in grass seed, provided said Drake furnishes the seed to it." And then follows the stipulation: "Said H. C. Hammond doth agree and bind himself to said Dean to stand responsible for all cost and damages in the event said Drake should undertake to dispossess said Dean of said land." The contract of lease was dated December 9, 1868, and under this contract Dean went into possession, and continued therein until sometime in January, 1869, when Drake demanded possession of the premises. Without being dispossessed by suit, he surrendered possession to Drake in violation of his contract with Hammond, and at the end of three weeks leased the place from Drake for the year 1869. In the fall of the year 1869, after Dean had gathered the corn raised on the land, the same was taken by force and appropriated by Drake.

It appears from the proof that Drake had leased the land to Hammond by parol for three years, and on the 9th of December, 1868, that being the first

Hammond v. Dean.

year of his lease,. Hammond leased it for two years, the residue of the term, to Dean.

On the trial of the cause, the Circuit Judge instructed the jury that Dean could not defend himself against an action by Hammond by denying his title, unless he had been ousted or expelled from the possession by some one who had a better right than his (Hammond), and had given him notice accordingly, which would be a defense; and if they found, in this case, that Drake, the original lessor, had taken the possession from Dean under a superior title or right, and that Dean had notified plaintiff of that fact, and disclaimed to hold under him, that then new rights intervened, and the jury could look to this state of facts in defense. To all which Hammond, the plaintiff, excepted, and requested the court to instruct the jury that Dean, the defendant, could not protect himself by surrender or attornment to another, unless he was under legal compulsion to do so, or had been actually evicted; but the court refused to give the instruction.

' The instructions given are objected to as erroneous, as well as the refusal to give the instruction requested.

It appears in proof that Drake had leased the land to Hammond for a term of three years, but this was a parol contract, and we are furnished with no evidence as to its terms. This contract was void under the statute of frauds (Code sec. 1758), but good for one year; and if the tenant hold over more than one year, he becomes tenant from year to year. *Duke*

v. *Harper*, 6 Yer., 280; *Shepperd* v. *Cummings*, 1 Col., 354.

Before the expiration of his first year, Hammond sub-let to Dean for the residue of his term; Dean went into possession, and so continued until he surrendered the possession to Drake, some time in July, 1869. The relation between Drake and Hammond must be construed to be that of tenancy from year to year, as Hammond's assignee, Dean was allowed by Drake to hold possession after the termination of the first year, without notice to Hammond, that the tenancy was to terminate at the end of the first year. As Drake suffered the second year to commence without putting an end to the relation, Hammond was entitled to the whole of that year's rent, and the tenant of Hammond could not determine the estate after the year commenced. *Shepperd* v. *Cummings*, 1 Col., 354. After Hammond became entitled to hold the land for the second year, by reason of Drake's failure to notify him before the first year expired, his assignee, Dean, could not attorn or surrender to Drake without eviction, and thereby acquire a title under which to dispute Hammond's right to the rent. In such case it was immaterial whether Dean gave notice to Hammond or not. He was estopped by his contract with Hammond from disputing his title, and Drake was estopped, by his failure to terminate the tenancy at the end of the first year, from disputing Hammond's title, for the second year. Hammond

was therefore entitled to look to Dean for the rent of 1869.

The instructions given to the jury by the court were erroneous, and the judgment is reversed.