RAILROAD v. FLOWERS.

(*Knoxville.* October 12, 1898.)

1. CERTIORARI AND SUPERSEDEAS. *Motion to dismiss.*

The requirement that motion to dismiss petition for writs of error and supersedeas shall be made at the first term, means at the first term after notice to the adverse party. (*Post, p. 365.*)

Code construed: § 4863 (S.); § 3848 (M. & V.); § 3132 (T. & S.).

Cases cited: Nicks v. Johnson, 3 Sneed, 326; Chappel v. Jones, 8 Hum., 107; Nance v. Hicks, 1 Head, 624; Bank v. Hughes, 2 Cold., 55; Gardner v. Barger, 4 Heis., 672; Boyers v. Webb, 1 Lea, 698; Hodge v. Dillon, Cooke, 281; Hardin v. Williams, 5 Heis., 388.

2. SAME. *Waiver of objection to petition.*

A motion to dismiss a petition for writs of certiorari and supersedeas for want of any excuse for failure to appeal, comes too late when made after an intervening term, at which the mover demanded a jury trial, and consented to a continuance of the case. (*Post, pp. 364–366.*)

3. APPEAL. *Motion to dismiss waived, when.*

A party waives his motion to dismiss an appeal for want of bond where he fails to take any action upon such motion, and treats the cause as properly brought up by a subsequent proceeding by certiorari and supersedeas. (*Post, pp. 366, 367.*)

---

FROM HAMILTON.

---

Appeal in error from the Circuit Court of Hamilton County. JOHN A. MOON, J.

SHEPHERD & FRIERSON for Railroad.

C. D. GIDDINGS and T. C. LATIMORE for Flowers.

SNODGRASS, C. J. Flowers sued the railroad company before a Justice of the Peace and obtained judgment for $132, March 24, 1896. On March 27, the company prayed and was allowed an appeal by the Justice of the Peace, upon consideration that it give bond five days before the May term of the Circuit Court. A bond was given in accordance with the Justice's agreement, but, by mistake, was not signed by a surety, the president of the company signing its name, and "by him," as president, thus conjoining both names. It seems to have been treated as a double signing of principal and surety, but, of course, did not have this meaning or effect.

It therefore appears that the appeal was prayed too late, and no proper bond was given. The papers were, however, returned to the May term of the Circuit Court (May 4). On June 5 (at same term) Flowers moved to dismiss the appeal because the appeal bond was "not filed within the time allowed by law, and for want of surety on the bond." This motion was sustained June 9. The appeal was dismissed and judgment rendered for the debt and costs. On the day following, on motion of defendant, the judgment was set aside because the papers in the case had not been filed in the Circuit Court until May 4, and "because the same came up too late for action at this term of the

Court.'' The motion to dismiss was ''stricken out, and with leave to refile at next term of the Court.'' This action was had on June 9, and during the May term. No other steps were ever taken on this motion. It was not remade or renewed at the September term, and nothing further was done as to the appeal. The case remained docketed as it had theretofore been, and under the same number, 7285. But on the next day, after the judgment dismissing the appeal was set aside, defendant filed a petition for certiorari and supersedeas. Bond was given, and fiat for the writs made. Whether or when they, in fact, issued does not appear by any copies or official indorsements in the transcript. It is to be taken that they issued, because later there was a motion to dismiss them by plaintiff, which was sustained, and on the correctness of which action our judgment is invoked on this appeal. The writs were properly returnable to the September term. At this term the following orders appear:

"September 7, 1896.—*Flowers* v. *Railway Co.*, No. 7285. Comes the plaintiff and damands a jury to try this case.

"November 9, 1896.—*Flowers* v. *Railway Co.*, No. 7285. This cause is continued to next term by consent.''

At the next term (February 22, 1897) the plaintiff, Flowers, moved to dismiss the writs, because appeal papers showed ''that defendant lost its appeal by negligence;'' that petitioner showed no suf-

ficient cause why it did not "make application for the writs at the first term of the Circuit Court after rendition of judgment of the Justice." This motion was sustained by the Court, and proper judgment rendered on certiorari and supersedeas bond. The defendant appealed, and assigned errors.

It is insisted that it was error to dismiss the petition, because the motion was not made at the return term, as required by law. Car. Hist. Lawsuit, Sec. 670; 3 Sneed, 326; 8 Hum., 107; 1 Head, 624; 2 Cold., 55; 4 Heis., 672; 1 Lea, 698; Cooke, 281; Code (Shannon), § 4863. These authorities and others sustain the proposition, with the qualification that the motion must be made at the earliest opportunity presented. It must be only, of course, made at the first term after the adverse party has had notice. 5 Heis., 388. As it does not affirmatively appear that plaintiff had such notice before his motion was made, these questions are out of the way, and we can consider the question on its merits and in connection with another question yet to be noticed.

The motion on the second ground was not sustainable. "The application" for the writs was made at the first term. The first objection, however, was well taken. The failure to appeal was negligence not legally excused or accounted for. *Cox* v. *Kent*, 1 Leg. Rep., 245. But the difficulty in plaintiff's case is that the motion to dismiss the certiorari came too late. It appears that at the succeeding

term after the petition was filed plaintiff demanded a jury, and later at the same term consented to a continuance.

The plaintiff insists that these orders appear to have been made only in the case, without reference to or acknowledgment of the certiorari, and must be applied to the still pending appeal. His counsel put the proposition thus: "The motion to dismiss the appeal does not appear from the record ever to have been renewed, and the case on appeal still stands on the docket for trial." This is true, and, as a consequence, the whole case is yet there for trial. There were not two cases. There were two efforts—one by appeal and one by certiorari — to bring the one case to the Circuit Court. So long as it remains there, there can be no final judgment. The dismissal of the petition for certiorari would only be a mere form on the theory that the appeal was pending. In this aspect, the demand for a jury and continuance by consent must be held a waiver of objection to appeal or certiorari for irregularities, and to leave the case standing on its merits for trial in the form it then was, the certiorari bond supplying the defective appeal bond, and the petition, under the circumstances, could not be dismissed. The waiver of objection to the appeal and failure to make objection to the petition at that term must be held to be a recognition of the existence of a pending case for trial on the merits, and it must be so tried. Plaintiff's failure to ob-

Railroad *v.* Flowers.

ject to the appeal must be taken as conclusive that he recognized the certiorari at that term as obviating all objections. If the case is pending at all, it is pending on all preliminary efforts to make it so preceding the continuance.

The judgment is, therefore, reversed and the case remanded for trial. The costs of this Court will be paid by defendant in error.