BUILDING & LOAN ASSOCIATION v. PATTON.

(*Knoxville.* September 22, 1900.)

LANDLORD AND TENANT. *Notice to quit.*

Where husband and wife, by virtue of a stipulation in a mortgage of their lands, held by them as tenants by the entireties, become tenants from month to month, of the purchaser at the foreclosure sale, the tenancy cannot be terminated as to the wife, and suit for her dispossession maintained, upon notice to the husband alone.

Case cited: Cole Mfg. Co v. Collier, 95 Tenn., 122.

FROM HAMILTON.

Appeal in error from Circuit Court of Hamilton County. FLOYD ESTILL, J.

E. Y. CHAPIN and E. M. DODSON for Building and Loan Association.

N. H. BURT for Pattons.

WILKES, J. This is an action of unlawful detainer to obtain possession of a certain lot or parcel of land in the city of Chattanooga. It was commenced before a Justice of the Peace. On appeal to the Circuit Court there was a judgment for possession against the husband, but

it was denied as to the wife, and the association has appealed, and assigned as error that the Court refused to award possession against the wife as well as against the husband.

So much of the facts as are necessary to be mentioned are that this lot was held by Patton and wife under a deed conveying it to them jointly, and they are thus seized of the lot by entireties. They executed a deed of trust upon it to secure money borrowed. This deed of trust contained a clause providing for sale in the event default was made in repayment of the borrowed money, and it further provided that: "From the conveyance of said land under the sale by a delivery of the deed to the purchaser, said John E. Patton and Eliza Patton, and all persons holding under them, shall be and become the tenant or tenants of the purchaser, holding from month to month at a rental of nine dollars per month, payable to such purchaser monthly in advance, commencing with the day of the delivery of said deed; said tenancy to be determined, at the option of said purchaser, upon ten days notice prior to the expiration of any month."

The object and purpose of this provision was to obviate the necessity for an action of ejectment to obtain possession after sale, if the mortgagors should persist in holding it, and to render them tenants of the purchaser and liable to removal by a simple action of unlawful detainer.

It is virtually conceded that such stipulation is valid and binding and has the effect intended, to render the mortgagors tenants of the purchaser after sale and liable to removal by such action of unlawful detainer.

The building and loan association became the purchaser of the property under a foreclosure sale under the deed of trust, and gave notice to the husband, John E. Patton, as provided in the trust deed, to vacate and deliver possession. It gave no notice to the wife.

We are of the opinion that, under the terms of this deed of trust, the mortgagors, Patton and wife, upon the foreclosure by sale and the delivery of the conveyance, became the tenants of the purchaser, and liable to be evicted from the premises upon the terms set out in the deed of trust—that is, upon ten days' notice, prior to the expiration of any month—but they cannot be evicted by this proceeding upon any other terms than a compliance with said terms and giving the notice stipulated for.

But it is argued that the eviction of the husband being accomplished, that of the wife necessarily follows, otherwise it will result that if the husband remains evicted, and the wife is allowed to remain in possession, it will virtually amount to a separation of the two; that the husband is entitled to the rents and profits, and that when he is deprived of them by being evicted, the

wife's right is necessarily extinguished also. This might be so as to an estate vested in the husband, but it is not true when the estate is vested jointly and by entireties in both husband and wife. In such case the wife has a distinct interest in the premises co-extensive with that of the husband, and each owns an entirety in the property, and neither owns any specific part or interest in it.

In *Cole Mfg. Co.* v. *Collier* it was held that the purchaser of the husband's interest in real estate so held, when made under execution sale for the husband's debts, cannot obtain possession of the lands, or their rents and profits, during the joint lives of the husband and wife, or at all, if the wife proves the survivor. 11 Pickle, 122, 123, and cases there cited.

This case is to be, of course, differentiated from the case of *Cole Mfg. Co.* v. *Collier,* 11 Pickle, 122, inasmuch as that case involved the question of the result of a sale of the husband's interest under execution against him, while this case presents one where both husband and wife have stipulated to yield possession upon the giving of the notice.

We do not consider what will be the effect of the judgment for possession as against the husband under the state of things, nor whether the judgment against him can be sustained in the absence of a similar judgment against the wife.

He has not appealed, and his rights are not before us for consideration, but we are of opinion that the wife cannot be evicted by this action except upon the terms prescribed in the trust deed, to wit, the giving to her of ten days' notice prior to the expiration of any month.

In the view we have taken of the case, it is useless to consider the other points presented in the assignment of errors and brief and argument of counsel.

The judgment of the Court below is affirmed with costs.