Henry Lewis *et al. v.* Bringhurst Reid Company.*

## (*Nashville.*   December Term, 1926.)

Opinion filed, February 26, 1927.

1. **LANDLORD AND TENANT.**   **Tenant's responsibility holding over.**

This State has followed what is known as the United States rule, under which the tenant holding over is held strictly at the election of the landlord to liability to another like term.   (Post, p. 178-179.)

Citing: Wilson v. Alexander, 115 Tenn., 131; Brinkley v. Walcott, 10 Heisk. (57 Tenn.), 22; Hammond v. Dean, 8 Bax. (67 Tenn.), 193; Noel v. McCrory, 7 Cold. (47 Tenn.), 623.

2. **SAME.  Same.**

It is well established that the length of time for which the tenant hold over and his reasons for doing so are immaterial. (Post, p. 179.)

Citing: 16 R. C. L., 1166.

3. **SAME.  Same.  Notice of intention to quit.**

If after having given notice, the tenant continues to occupy premises, without an express agreement with the landlord that his temporary occupancy for part of another term shall not operate to bind him for the whole of another term, his liability becomes absolute.   (Post, p. 180.)

4. **SAME. Same. Posting of "for rent" sign.**

After having given notice of intention to quit, the posting of sign "for rent," by the landlord is not such an affirmative and unequivocal act, and suffering it to remain subsequent to the tenant's holding over, as will operate as an election on part of landlord against the right which was otherwise clearly his.   (Post, p. 180.)

Citing: 18 Am. & Eng. Ency. of Law, 405, 35 Corpus Juris, 1030.

---

*Headnotes 1. Landlord and Tenant, 35 C. J., section 295; 2. Landlord and Tenant, 35 C. J., section 167; 3. Landlord and Tenant, 35 C. J., section 168 (Anno).

FROM DAVIDSON.

Appeal from the Circuit Court of Davidson County, to Court of Appeals and by *certiorari* to Supreme Court. —HON. E. F. LANGFORD, Judge.

LEVINE & LEVINE, for plaintiff in error.

ELKIN GARFINKLE, for defendant in error.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

This appeal is from a judgment in favor of a landlord against a tenant by the year, who held over for twenty-three days after the expiration of the year. The tenant paid rent for the twenty-three days he occupied the premises, and the judgment complained of is for the rent accruing for the interval between the date of his removal and the entry by a new tenant under an agreement between the parties litigant.

This State has followed what is known as the United States rule, under which the tenant holding over is held strictly, at the election of the landlord, to liability to another like term. Our early cases to this effect are approved in *Wilson* v. *Alexander,* 115 Tenn., p. 131, citing *Brinkley* v. *Walcott,* 10 Heisk., 22, *Hammond* v. *Dean,* 8 Bax., 193, *Noel* v. *McCrory,* 7 Cold., 623, and others. This case is sought to be distinguished and liability is resisted on the theory (1) that definite notice in writing was given to the landlord, in sufficient time before the expiration of the year, that the tenant would not hold over; and, (2) that by posting, on receipt of this notice, a "for rent" sign on the premises, the landlord recog-

nized and assented to the termination of the contractual relation of landlord and tenant.

If the tenant had followed up the giving of this notice by vacating the premises on or before the last day of the year, there can be no doubt that the landlord would have been so bound by the receipt of the notice and his action thereon that he could not have successfully sought to enforce any hold over rights against the tenant. However, we have been cited to no authority and find none which relieves the tenant from liability for another term if, after having given notice of his intention to quit, he nevertheless continues to occupy the property without an express agreement with the landlord that his temporary occupancy for a part of another term shall not operate to bind him for the whole of another term.

It is argued that the posting of the "for rent" sign and the fact, inferred from the absence of any contrary showing on the record, that this sign was permitted to remain on the premises into the new term, is sufficient evidence of an election on the part of the landlord against the right, which was otherwise clearly his, to treat the holding over as a renewal of the lease for another term. Conceding that the fact that the sign was permitted to remain is fairly to be inferred, we are not satisfied, under the authorities, that this constituted such an election on the part of the landlord. The presumption is that the sign was placed on the premises in acceptance of the notice and in contemplation that the premises would be vacated in accordance with its terms. When the tenant elected to violate the express provisions of the notice given, his liability became absolute, in the absence of some affirmative and unequivocal act on the part of the landlord subsequent to the act of the ten-

ant in holding over, and we are unable to agree that the mere failure of the landlord to remove the "for rent" sign was such an act. On this record, before the landlord had any notice that the tenant would not move out in accordance with the terms of the notice which he had given the landlord, the tenant entered upon a holdover term, and it does not appear that the landlord thereafter did any act inconsistent with the exercise of the option which thereupon accrued to him to hold the tenant for another term. The authorities cited in 18 Am. & Eng. Encyc. of Law, 405, and in 35 Corpus Juris, 1030, seem clearly to support this view. The text of the last named authority reads as follows: "Notice by the tenant to the landlord that he does not intend to hold for another term will not protect him, in the absence of any assent by or any agreement with the landlord if the tenant remains in possession." It is also well established that the length of time for which the tenant holds over and his reasons for doing so are immaterial. See authorities above cited and, also, 16 R. C. L., 1166.

It results that the judgment must be affirmed.