# SMITH et al. v. HOLT—193 S. W. (2d) 100.

Middle Section. November 24, 1945.

Petition for Certiorari denied by Supreme Court, March 2, 1946.

W. A. Guild, of Nashville, for plaintiffs in error.

Joseph L. Lackey, of Nashville, for defendant in error.

FELTS, J. Mrs. J. L. Holt brought this action of unlawful detainer for possession of a house occupied by Minnie Smith and Sadie Smith as a dwelling. She had judgment in the court of general sessions. Two days later they executed a bond and filed a petition for certiorari and supersedeas to remove the case to the circuit court. That court likewise rendered judgment in her favor for possession and for a recovery upon their bond in the sum of $332.50 and the costs, such sum to be credited with $108.

50 tendered into court by defendants, Minnie and Sadie Smith.

They appealed in error and insist that there is no evidence to support the judgment; that their tenancy had not terminated and the right of possession was in them, not in the plaintiff; and that in no event could she maintain this suit without joinder of her husband, they owning the reversion as tenants by the entirety.

The facts appearing are quite meager. In 1938 Mrs. A. W. Austin, who then owned the house, leased it to defendants for eleven months at $47.50 per month. This lease appears to have been in writing, but it is not in the record, and nothing is shown as to its terms except that it was made in 1938 for eleven months at $47.50 per month. Defendants entered under this lease and after its expiration they held over and continued to occupy the house, with the consent of Mrs. Austin upon "their promise to pay her rent at the rate of $47.50 per month." They were still so occupying the house as her tenants on August 10, 1944, when she deeded it to plaintiff and her husband, J. L. Holt. They purchased with knowledge of this fact.

Some five days later, or on August 15, 1944, plaintiff and her real estate agent went to the house and stated to defendant Minnie Smith that plaintiff and her husband had purchased it and that they wanted "to collect the rent then due and have some definite understanding and agreement as to the future rents." They say Minnie Smith said "she had the property leased," and "slammed the door in their faces." She, however, denies this.

Plaintiff then went to the Office of Price Administration, obtained a blank form and filled it out August 17, 1944, notifying defendants to vacate the house "on or before August 21, 1944," because "you are now in arrears

in your rent for the period beginning August 10, 1944, and ending August 17th, and you now owe a total of $16.00." Plaintiff mailed this notice to defendants, and brought this suit August 22, 1944, with the result above stated.

Defendants could not resort to certiorari in lieu of an appeal during the two days allowed for an appeal, Code, secs. 9263-9266, and the certiorari might have been dismissed on motion in the circuit court. Ammons v. Coker, 124 Tenn. 676, 139 S. W. 732. There was, however, no such motion, but the case proceeded to trial on the merits. This was a waiver of the impropriety. Nicks v. Johnson, 35 Tenn. 326; Uhles v. Nolen, 42 Tenn. 529; Railroad v. Flowers, 101 Tenn. 362, 47 S. W. 485; Caruthers History of Law Suit (5th Ed.) 402; City of Nashville v. Mason, 11 Tenn. App. 344, 350.

The effect of defendants' holding over and Mrs. Austin's continued acceptance of the rent was to create a periodic tenancy of at least from month to month. In such cases of holding over, if the original tenancy was for a year or more, the new, or hold over tenancy is from year to year; if the original term was for less than a year, as a month or a quarter, the new tenancy is presumably a periodic tenancy measured by such a period. 2 Tiffany on Landlord and Tenant, p. 1478; Wilson v. Alexander, 115 Tenn. 125, 131, 88 S. W. 935, 937; Lewis v. Bringhurst Reid Co., 155 Tenn. 177, 290 S. W. 972; City of Nashville v. Mason, 11 Tenn. App. 344, 351; Walgreen Co. v. Walton, 16 Tenn. App. 213, 220, 64 S. W. (2d) 44, 48; cf. Louisville & N. R. Co. v. Conasauga River Lumber Co., 25 Tenn. App. 157, 153 S. W. (2d) 143.

This tenancy of defendants was not terminated by the purchase of plaintiff and her husband. Purchasing with knowledge of the tenancy, the purchasers took the

property subject to such rights of possession and occupancy as defendants had by virtue of their tenancy. Hughes v. Donlon, 149 Tenn. 506, 261 S. W. 960, 35 A. L. R. 506; Walgreen Co. v. Walton, supra.

Plaintiff and her husband, as purchasers or assignees of the reversion, could maintain this action of unlawful detainer if defendants were in fact guilty of unlawful detainer (Bloch v. Busch, 160 Tenn. 21, 26, 22 S. W. (2d) 242, 243) , as defined in Code section 9247. The substance of that is that one who enters by contract, either as a tenant or in privity or by collusion with a tenant and, willfully and without force, "holds over the possession from the landlord or the assignee of the remainder or reversion," is guilty of unlawful detainer.

Here the words, "holds over the possession from the landlord, or the assignee," mean a holding over after the tenancy has ended. Until then the possession belongs to the tenant, and he is not holding over the possession from the landlord or assignee, and is not guilty of unlawful detainer. In the case before us, when defendants held over after the expiration of their original lease, Mrs. Austin, the landlord, had the right to elect to treat their holding over either as an unlawful detainer or as creating a new tenancy for another like term; and when she did the latter, it created a periodic tenancy binding them for rent and entitling them to possession. 2 Tiffany on Landlord and Tenant, p. 1478; Lewis v. Bringhurst Reid Co., supra; Walgreen Co. v. Waltson, supra.

Their tenancy was not terminated by the notice of August 17, 1944. By that notice plaintiff called on them to vacate the house on or before August 21, because they were in arrears in their rent for the period from August 10, 1944 (date of the purchase) to August 17. The rent was payable monthly, and could not be apportioned so

as to put defendants in arrears to plaintiff in the middle of the month. But assuming they were in arrears, this would be no ground to terminate their lease. A tenant's failure to pay rent does not terminate or forfeit his tenancy, in the absence of a provision in the lease for such forfeiture; and where there is such a provision, the landlord must make formal demand of the rent (Matthews v. Crofford, 129 Tenn. 541, 552, 167 S. W. 695, 698) unless such demand is waived by the lease or by act of the parties. Elder v. Epperson, 173 Tenn. 219, 223, 116 S. W. (2d) 1015, 1017.

 This notice was insufficient as a notice to quit. A periodic tenancy resulting from the tenant's holding over with consent of the landlord is generally regarded as a tenancy of indefinite duration so that neither party can terminate it without sufficient note to the other. If the tenancy is from year to year, the notice must be given six months before the end of the year; if it is from quarter to quarter, month to month, or week to week, a notice of a quarter, a month, or a week, respectively, must be given before the end of the period. 2 Tiffany on Landlord and Tenant, 1427-1429; 4 Kent's Com. 112, 113; Shepherd v. Cummings, 41 Tenn. 354; Hammond v. Dean, 67 Tenn. 193; Langos v. Jacobs, 7 Tenn. App. 206, 212; Maniatty v. Carroll Co., 114 Vt. 168, 41 A. (2d) 144, 156 A. L. R. 1306; Annotations, 19 A. L. R. 1405, 156 A. L. R. 1310, 1312; See Rogers v. Wheaton, 88 Tenn. 665, 13 S. W. 689; Building & Loan Association v. Patton, 105 Tenn. 407, 58 S. W. 482.

Nothing contrary to this conclusion appears in Spillman v. Walt, 59 Tenn. 574. There the tenancy was from month to month. More than "a month's notice was given." 59 Tenn. at page 578. It was held that six months notice was not necessary to end such a tenancy.

Nor does Code, section 9254, stand in the way of this conclusion. That section says: "No notice to quit need be given by the plaintiff to the defendant, other than the service of this warrant." This originated in section 2, chapter 186, Acts of 1841-42, and repealed the part of section 5, chapter 14, Acts of 1821, which defined unlawful detainer as holding over, willfully and without force, "after demand and *notice* in writing" (italics ours) for delivery of the possession. This later provision, now section 9254, does not dispense with the notice necessary to terminate a periodic tenancy; it dispenses with notice only in cases where the possession is made unlawful by the statutes—forcible entry and detainer, Code, sec. 9245, forcible detainer, sec. 9246, and unlawful detainer, sec. 9247. Lane v. Marshall, 8 Tenn. 255, 259 (see note to Turner v. Lumbrick, 19 Tenn. 7, 12-14 (1 Meigs 7, 12-14); Sullivan v. Ivey, 34 Tenn. 487, 489; Spillman v. Walt, 59 Tenn. 574, 578; Mallory v. Hanour Oil Works, 86 Tenn. 598, 609, 8 S. W. 396, 400.

Such being our view of the case, the other question made as to the non-joinder of the husband of plaintiff becomes immaterial. The judgment of the circuit court is reversed, and the costs of the appeal in error are adjudged against plaintiff, Mrs. J. L. Holt, and the surety on her cost bond; and the case will be remanded to the circuit court for proper disposition of the money tendered into court, and with directions to dismiss this action at the cost of Mrs. Holt and her surety.

Howell and Hickerson, JJ., concur.