RAINWATER v. PREAS.—221 S. W. (2d) 829.

Eastern Section. February 26, 1949.

Petition for Certiorari denied by Supreme Court, June 18, 1949.

Guinn & Mitchell, of Johnson City, for appellant.

Geo. N. Barnes, of Johnson City, for appellee.

McAMIS, J. This case presents the single question of whether the landlord is entitled to possession as the Chancellor held, against the contention that there was a valid extension of the lease beyond the original term by a holding over.

The facts are peculiar and were held by the Chancellor to take the case out of the general rule recognized in Wilson v. Alexander, 115 Tenn. 125, 131, 88 S. W. 935; Lewis v. Bringhurst Reid Co., 155 Tenn. 177, 178, 290 S. W. 972; Walgreen v. Walton, 16 Tenn. App. 213, 64 S. W. (2d) 44; Louisville & N. R. Co. v. Conasauga River Lumber Company, 25 Tenn. App. 157, 153 S. W. (2d) 143, and Smith v. Holt, 29 Tenn. App. 31, 193 S. W. (2d) 100, giving the landlord an irrevocable election to hold the tenant continuing in possession beyond the original term for rent during an implied extension of the lease.

Appellant-Lessee held the premises for a two year term ending January 28, 1948. On more than one occasion during 1947 he applied for a renewal which the lessor declined for reasons personal to the tenant and on November 26, 1947, the lessor agreed to lease the premises to another tenant at $60.00 per month, the

increased rental offered by appellant, for a term "to begin when the present occupant, Rainwater vacates the premises." Appellant was advised during his term that a new lease had been negotiated.

On advice of his attorney appellant in January, 1948, sent the rent for February to the lessor who, having misplaced his copy of the lease, was unaware that the lease would expire on January 28, 1948. On February 25, 1948 appellant was notified to vacate on February 28th, the date to which rent had been paid. Possession was refused and the bill was filed February 26, 1948.

■ The theory of an extension or renewal arises out of an implied mutual intent to continue the relation of landlord and tenant subject to the terms and conditions of the original lease. In the absence of mutuality of intent a tenant who, as in this case, has agreed to surrender possession at the end of the term becomes a trespasser subject to eviction at the landlord's election.

■ Generally, when the landlord accepts rent for a period beyond the term or by other unequivocal act, declaration or agreement recognizes a continuation of the landlord-tenant relationship there is a presumption that he has chosen irrevocably not to treat the tenant as a trespasser but to recognize his continued right of occupancy.

■ These general principles are often applied by the courts. We think they presuppose a conscious election based upon knowledge of the material facts. Solomon v. Rogers, 210 Ala. 423, 98 So. 370. In the absence of facts giving rise to an estoppel, and the tenant indicates his intention by remaining in possession, the question is: Did the landlord elect to continue the landlord-tenant relationship or permit it to terminate at the end of the

lease? This question obviously is to be resolved in the light of all circumstances and not upon what the landlord later says was his intention. Where the circumstances appear to indicate an intention not to terminate the relationship the burden is upon the lessor to rebut the presumption of an intention to extend the lease beyond the term. The presumption is rebuttable and not conclusive. Weber v. Powers, 213 Ill. 370, 72 N. E. 1070, 68 L. R. A. 610.

■ In the present case every circumstance except the acceptance of the rent for a period beyond the term negatives an intention to extend the lease. Renewal at a higher rental had been refused and the tenant advised that the premises had been leased to another tenant. The acceptance of the rent is explained by the landlord's lack of information as to the expiration date of the lease. No element of estoppel is present. It would be doctrinaire in the extreme to hold the landlord to an election under such circumstances.

The assignments must be overruled, the decree affirmed and the cause remanded with costs adjudged against appellant.

Hale and Howard, JJ., concur.