# RUSSELLS FACTORY STORES, Inc. v. FIELDEN FURNITURE CO.—232 S. W. (2d) 592.

Eastern Section.  March 14, 1950.

Petition for Certiorari denied by Supreme Court, June 9, 1950.

Ambrose & Wilson, of Knoxville, for plaintiff in error.

W. Clyde Buhl, of Knoxville, for defendant in error.

HOWARD, J. This case is before us on appeal by the Russells Factory Stores, Inc., hereinafter referred to as defendant, from an adverse judgment of $275.00 in favor of the Fielden Furniture Co., hereinafter referred to as plaintiff. The case was tried in the Circuit Court without the intervention of a jury. Motion for a new trial was overruled, defendant appealed, and the question for our determination is whether the plaintiff was entitled to recover rent in the sum of $275.00 for the month of February, 1948.

Prior to February 6, 1948, the defendant occupied the first floor of a business building located at 106 South Gay Street, in the City of Knoxville, as a sub-tenant of the plaintiff. There was no written agreement between the parties, the tenancy being from month to month. The monthly rental was $250.00, payable in advance on the 1st day of the month.

On January 12, 1948, the plaintiff wrote defendant that "beginning February 1, 1948, your rent will be increased to $275.00 per month." Six days later, on January 18th, the defendant replied to plaintiff's letter "that we will vacate your building at 106 So. Gay Street on or about February 1st, 1948." Defendant does not insist here nor

was it insisted below that plaintiff's notice was insufficient or unreasonable.

Instead of vacating the building on February 1st as promised, the defendant moved 5 days later, and on February 6th the defendant's president, R. B. Miller, went to the plaintiff's office to turn in the key to the building. While there he notified C. R. Fielden, defendant's manager, that defendant had moved. Thereupon Fielden demanded of Miller the sum of $275.00 to cover defendant's rent for the entire month of February, which demand was refused. As a counter-offer Miller made an unsuccessful effort to pay Fielden $60.00 for 6 days' rent in February. Subsequently, on February 14th Miller made a second tender of $60.00 to Fielden, together with a letter of explanation. This tender was also refused by Fielden, who in March, 1948, filed suit for the February rent.

■ Where a tenant receives reasonable notice of a change in rental, his continuance in possession beyond the rent period renders him liable for the new rent, notwithstanding any protest he may make. 32 Am. Jur. Sec. 950, p. 800; 52 C. J. S., Landlord and Tenant, Section 506, page 292; 109 A. L. R. 203.

In 32 Am. Jur., it says: "Notwithstanding the circumstance that many of the cases, in dealing with the effect of a landlord's notice of an increase in rent, ignore the peculiar character of a tenancy from year to year, or month to month, etc., the legal conclusion seems inescapable that as to such a tenancy, a mere notice of an increase in rent, particularly where, as to time, the notice would not be sufficient for the purposes of a notice to quit, is not binding upon the tenant who merely continues in possession after the current period. However, *some of the cases take the view that a landlord's notice of a*

*change in rent given to his month-to-month or year-to-year tenant renders the tenant liable according to the terms of the notice if he continues in possession beyond the period, whether he actually assents to the change or not, or even though he declares his nonassent thereto."* (Emphasis supplied.) Sec. 951, p. 802.

The latter rule finds additional support in 109 A. L. R. 203, which says: "In about half of the jurisdictions wherein the question has arisen, the view has been taken that by holding over beyond the term, after having been seasonably notified that there will be an increase in rent after the term, the tenant becomes liable for the increased rent, notwithstanding his distinct refusal to agree thereto." Citing numerous cases including Brinkley v. Walcott, 57 Tenn. 22; Glascock v. Marmon, 4 Tenn. Ct. Civ. App. 140.

In Brinkley v. Walcott, supra, the defendants were tenants under a yearly lease which expired August 31, 1867. On July 20, 1867 the tenants were notified by the lessor that if they held over they would be required to pay a yearly rent of $5,000.00 instead of $6,000.00, payable in monthly installments of $416.66 in advance. The tenants said that the proposed rent was too much. They did hold over, and on September 2nd paid $416.66 for that month, saying that they would be willing to pay the $5,000.00 until they could get another place. They quit the premises without notice on October 31st. There was a judgment for the defendants in the trial court and plaintiffs appealed. The Supreme Court in reversing and remanding the case for a new trial said: "The defendants were notified, before the expiration of the first year, that if they held over after the expiration of their term, they would be required to take the premises for the year

at the rent of $5,000 per annum, payable monthly in advance. If they did not desire to accept these terms, it was their duty to have vacated the premises before the 1st of September. If these terms were not accepted, the plaintiff was upon that day entitled to the possession. And the mere fact that with this notice they continued to hold possession after that date, in the absence of a different agreement, is sufficient evidence that they accepted the lease for the next year upon the terms proposed by the plaintiff, and the contract thereby became complete. That, at the time these terms were proposed, they said that the rent was too high, and did not then say they would accept the terms, does not change the result. They were notified by the plaintiff that if they held over, he would treat this as an acceptance of his terms. They did hold over, and it is this fact which constitutes their acceptance of the contract. Had no terms been proposed or agreed upon, a holding over would have been upon the terms of the original contract. This, then, being the state of facts, the defendants were bound by the terms stated to them by Goodloe on the 20th July 1867, unless it be proven that a different agreement was assented to by both parties subsequently.''

■ Lewis v. Bringhurst Reid Co., 155 Tenn. 177, 290 S. W. 972, involved a case of tenancy from year to year, where the tenant held over for twenty-three days after the expiration of the year, and after notifying the landlord of his intention to move. The tenant paid the rent for the twenty-three days he occupied the premises, and the judgment complained of was for the rent accruing for the interval between the date of his removal and the entry of a new tenant under an agreement between the parties. In affirming the judgment of the Circuit Court, Judge Chambliss said:

"This state has followed what is known as the United States rule, under which the tenant holding over is held strictly, at the election of the landlord, to liability to another like term. Our early cases to this effect are approved in Wilson v. Alexander, 115 Tenn. 125 at page 131, 88 S. W. 935, citing Brinkley v. Walcott, 57 Tenn. 22; Hammond v. Dean, 67 Tenn. 193; Noel v. McCrory, 47 Tenn. 623, and others. . . .

"If the tenant had followed up the giving of this notice by vacating the premises on or before the last day of the year, there can be no doubt that the landlord would have been so bound by the receipt of the notice and his action thereon that he could not have successfully sought to enforce any hold-over rights against the tenant. However, we have been cited to no authority and find none which relieves the tenant from liability for another term if, after having given notice of his intention to quit, he nevertheless continues to occupy the property without an express agreement with the landlord that his temporary occupancy for a part of another term shall not operate to bind him for the whole of another term.

. . . . . .

"On this record, before the landlord had any notice that the tenant would not move out in accordance with the terms of the notice which he had given the landlord, the tenant entered upon a hold-over term, and it does not appear that the landlord thereafter did any act inconsistent with the exercise of the option which thereupon accrued to him to hold the tenant for another term. The authorities cited in 18 Am. & Eng. Encyc. of Law, 405, and in 35 Corpus Juris, 1030, seem clearly to support this view. The text of the last named authority reads as follows: 'Notice by the tenant to the landlord that

he does not intend to hold for another term will not protect him, in the absence of any assent by or any agreement with the landlord if the tenant remains in possession.' It is also well established that the length of time for which the tenant holds over and his reasons for doing so are immaterial. See authorities above cited and, also, 16 R. C. L. 1166.''

The defendant having elected to remain in the property for 5 days in February after receiving the plaintiff's notice that the rent would be increased February 1st, the defendant became liable for the February rent on plaintiff's terms.

It results that we find no error in the judgment below. Affirmed at plaintiff-in-error's costs.

McAmis and Hale, JJ., concur.