## H. T. ETHERIDGE, Appellant, v. THE FIRST NATIONAL BANK OF JACKSON, Trustee, Appellee. —387 S.W.(2d) 835.

Western Section at Jackson.  October 8, 1964.

Petition for Certiorari Dismissed by Supreme Court March 1, 1965.

H. T. Etheridge, Jr., Jackson, for appellant.

Moss & Benton, Jackson, for appellee.

BEJACH, J.   This cause involves an unlawful detainer suit, and the sole question determinative of the litigation is whether or not a written notice to vacate was necessary, as a prerequisite to the suit. In this opinion, the parties will be referred to, as in the lower courts, as plaintiff and defendant. The property involved is the basement of Number 107 West Main Street, Jackson, Tennessee, in which a business known as ''Subway Lounge Restaurant'' was conducted.

Suit was instituted September 13, 1963 in the General Sessions Court of Madison County, where judgment was rendered for defendant. The plaintiff appealed to the Circuit Court of Madison County, where a trial was had November 22, 1963, before Hon. Mark A. Walker, Circuit Judge. Plaintiff offered in evidence the testimony of W. E. Terry, Vice Chairman of The First National Bank, who was president of the bank at the time the transactions here involved occurred, and also the testimony of David E. Carter, the tenant to whom the entire building had been rented, and that of Mr. W. P. Moss, plaintiff's counsel. The defendant offered no proof. From the testimony of plaintiff's witnesses, it appeared that defendant had been occupying the basement of the property involved on a month to month basis at a rental of $27.50 per month, the property involved being a building with two stories and a basement, known as the G. H. Robertson Building. That property, exclusive of the basement rented to defendant, had been occupied along with an adjoining building facing on Market Street by the G. H. Robertson Company, and now by the David Carter Furniture Store. In the Spring of 1963, defendant determined that it would be more advantageous to lease the entire building at 107 West Main Street to a single tenant, and with that idea in mind, offered to plaintiff the first opportunity of renting the entire building. Defendant was, however, not interested, but wanted to try to obtain a sub-lease of the basement from Mr. Carter. Plaintiff concluded a lease with Mr. David Carter, who operates the David Carter Furniture Store. In connection with the negotiations, Mr. Terry, for the bank, had several conversations with defendant. Mr. Moss, as attorney for plaintiff, had several talks with defendant, beginning in May 1963. Defendant told Mr. Moss that no legal pro-

ceedings would be necessary for his eviction, but asked for more time, which Mr. Moss granted. On Tuesday, July 30, 1963, however, Mr. Moss had a conversation with defendant of which he made a memorandum, in which Mr. Moss said he could not wait any longer, and that unless defendant would tell him when he would move, it would be necessary to start legal proceedings. Defendant told Mr. Moss at that time that he would vacate the premises in about two weeks, but in any event, not later than September 1. September 1 arrived, however, and defendant did not move, so legal proceedings were started in this cause on September 13, 1963. It was admitted that no written notice to defendant to vacate was given, but plaintiff and its counsel relied on the oral assurances of defendant.

After the Circuit Court entered judgment in favor of plaintiff on December 5, 1963 for possession of the property and for the rent for the months of September and October and until November 21, 1963, at the rate of $27.50 per month, defendant moved for a new trial, which motion was overruled on January 3, 1964. Defendant then prayed an appeal in the nature of a writ of error to the Court of Appeals. A bill of exceptions was filed on April 2, 1964, at which time an appeal bond in the sum of $1,000 was also filed, which recites that it is more than the rent for two years.

Defendant's appeal is designated as an appeal in the nature of a writ of error, but we will treat same as a simple appeal under the provisions of section 27-303 T.C.A. In this Court, defendant, as appellant, has filed three assignments of error, but they present only the one question of whether or not a written notice to defendant was a necessary prerequisite.

Section 23-1612 T.C.A. provides for the form of warrant in "unlawful entry and detainer cases", and section 23-1613 provides:

"No notice to quit need be given by the plaintiff to the defendant, other than the service of this warrant."

This Code section has been construed as "Dispensing with notice only to those cases where possession is made unlawful in terms by the statute without more, as in the case of renters, lessees, and the like, holding over." Sullivan v. Ivey, 34 Tenn. 487; Mallory v. Hanaur Oil Works, 86 Tenn. 598, 8 S.W. 396.

In our opinion, in the instant case, defendant was holding over unlawfully after September 1, 1963, the date by which he had agreed to vacate, and, consequently, the warrant was the only notice to which he was entitled. As was held by this Court, Eastern Section, in Rainwater v. Preas, 32 Tenn.App. 79, 221 S.W.(2d) 829, "In the absence of mutuality of intent, a tenant who, as in this case, has agreed to surrender possession at the end of the term becomes a trespasser subject to eviction at the landlord's election." In the instant case, defendant had agreed to surrender possession on September 1, 1963; and, consequently, after that date he became a trespasser, subject to eviction at the landlord's election.

Furthermore, on the facts of the instant case, the defendant, in our opinion, waived the necessity of any notice, written or otherwise. The law of waiver and estoppel applies to the law of landlord and tenant, as well as in other branches of law. It was held by the Supreme Court in Matthews v. Crofford, 129 Tenn. 541, 167 S.W. 695, that the necessity of demand as a condition precedent to the forfeiture of a lease for nonpayment of

rent may be waived by agreement; and in Gutman v. Kaylor, 7 Tenn.App. 102, it was held by this Court, Eastern Section, that where a landlord had waived breaches of a lease for almost two years, he was estopped to eject his tenant because of these breaches. In Elder v. Epperson, 173 Tenn. 219, 116 S.W.(2d) 1015, it was held by the Supreme Court that the common law necessity for demand of rent before a forfeiture of the leased premises may be obviated by a provision of the lease or by acts of the parties.

■ Defendant cites and relies on the case of Smith v. Holt, 29 Tenn.App. 31, 193 S.W.(2d) 100; but, in our opinion, the decision in that case has no application to the facts in the instant case. In that case, the plaintiff, Mrs. Holt, had purchased property occupied by the defendants, the Misses Minnie and Sadie Smith as holdover tenants under Mrs. Holt's predecessor in title, which this Court held created a periodic tenancy of at least from month to month. Mrs. Holt as purchaser of the property acquired a deed to it on August 10, 1944. Seven days later, on August 17, 1944, Mrs. Holt mailed to the Misses Smith a notice to vacate on or before August 21, 1944, claiming arrears in rent from August 10, 1944. This notice was held to be insufficient because, as tenants from month to month, the Misses Smith were entitled to a notice of at least one month. The opinion of the Court of Appeals, Middle Section, in that case, written by Felts, J., now Mr. Justice Felts of the Supreme Court, also said with reference to Code section 9254, now section 23-1613 T.C.A., as follows:

"Nor does Code, section 9254, stand in the way of this conclusion. That section says: 'No notice to quit need be given by the plaintiff to the defendant, other

than· the service of this warrant.' This originated in section 2, chapter 186, Acts of 1841-42, and repealed the part of section 5, chapter 14, Acts of 1821, which defined unlawful detainer as holding over, willfully and without force, 'after demand and *notice* in writing' (italics ours) for delivery of the possession. This later provision, now section 9254 (23-1613 T.C.A.), does not dispense with the notice necessary to terminate a periodic tenancy; it dispenses with notice only in cases where the possession is made unlawful by the statutes —forcible entry and detainer, Code, sec. 9245 (23-1602 T.C.A.), forcible detainer, sec. 9246 (23-1603 T.C.A.), and unlawful detainer, sec. 9247 (23-1604 T.C.A.)." Smith v. Holt, 29 Tenn.App. 38, 193 S.W.(2d) 102.

The judgment of the Circuit Court of Madison County, in favor of plaintiff and against defendant, will be affirmed. Judgment may be entered in this Court in favor of plaintiff, The First National Bank of Jackson, Trustee, against defendant H. T. Etheridge, for possession of the property here involved, and against him and his sureties on the appeal bond for rent of said premises at the rate of $27.50 per month from the 1st day of September 1963 until the entry of the judgment in this Court, together with all the costs of this cause, including those of the lower courts, as well as the costs of this Court.

Avery, P. J. (W.S.), and Carney, J., concur.