IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
March 11, 2010 Session

# WAYLAND-GOODMAN PROPERTIES, LP., v. SOUTHSIDE PACKAGE STORE, INC.

**Appeal from the Circuit Court for Knox County**
**No. C-027609      Hon. Harold Wimberly, Jr., Judge**

**No. E2009-01550-COA-R3-CV - FILED APRIL 8, 2010**

Plaintiff landlord brought a detainer action against defendant in Sessions Court. On appeal to the Circuit Court, the Trial Court in its Judgment, awarded possession to plaintiff and awarded plaintiff a Judgment of $17,800.00 for the rent due and one-half of the 2009 ad valorem property taxes. Defendant has appealed. We affirm the Judgment of the Circuit Court.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which D. MICHAEL SWINEY, J., and JOHN W. MCCLARTY, J., joined.

Joseph J. Levitt, Jr., Knoxville, Tennessee, for the appellant, Southside Package Store, Inc.

Stephen R. Wise and Robin M. Cleavenger, Knoxville, Tennessee, for the appellee, Wayland-Goodman Properties, LP.

## OPINION

Plaintiff, Wayland-Goodman Properties ("Wayland") filed a detainer action in General Sessions Court against Southside Package Store, Inc., stating the defendant was unlawfully detaining property belonging to plaintiff located at 3223 and 3225 Chapman Highway in Knoxville. Plaintiff was awarded possession of the property and a default judgment for $4,600.00. Defendant appealed to the Circuit Court.

In the Trial Court, Albert Ritchie was the first witness, and testified that he was the secretary and treasurer for plaintiff, and also served as counsel. Ritchie testified that he was familiar with the records and property of plaintiff, and knew that plaintiff entered into a lease with defendant for the property, which began on October 1, 2007. Ritchie testified the termination date of the lease was September 30, 2008, and the rent was $2,150.00 per month. A copy of the lease was entered into evidence.

Ritchie testified the lease was extended before the termination date, and that the term was extended to November 30, 2008, with a rent of $2,300.00 per month, and the lease was not extended past November 30, 2008. Further, plaintiff had not received any rent from defendant since that time and that plaintiff was seeking possession of the property, and rental payments of $2,300.00 per month, from December 2008 to the present.

Ritchie further testified that plaintiff was also obligated to pay the real estate taxes, and that the taxes were $3,332.76 per year. Ritchie testified that the 2008 taxes were paid, but the 2009 taxes were not.

He admitted that plaintiff offered to extend the lease for another two months if the defendant would agree to a detainer warrant action at the end of that term, but defendant refused. Ritchie admitted that defendant tried to pay rent for December 2008, but the check was returned uncashed by plaintiff because the lease was over. Correspondence from Ritchie to defendant was entered into evidence, and Ritchie admitted he never sent defendant a letter asking them to move after September 2008.

James Slyman was the next witness, and he testified that he was a realtor and auctioneer, and had been since 1971. He testified that he had dealt with real estate on Chapman Highway and was familiar with the property values and rental values. Slyman testified that he had looked at the subject building and property where the liquor store was, and opined that the fair market rental value of it was $750.00-850.00 per month. He also opined that the other building had no rental value because it was not usable as a retail or service business, and had been condemned by the city.

No other proof was offered, and at the end of the hearing, the Court awarded possession to plaintiff, and awarded plaintiff a judgment for $17,800.00 for rental payments and one-half of the 2009 ad valorem property taxes.

On appeal, defendant argues whether it is liable for the fair market rental value of the property, or for the last agreed upon rent, after the rental agreement had expired? Also, whether the case should have been dismissed as premature because no notice of termination

of a periodic tenancy created by holding over was given by plaintiff to defendant, or no rejection of a holding over?

Defendant argues that plaintiff's detainer action was filed prematurely because plaintiff was required to give defendant notice of termination of a periodic tenancy created by holding over, or to send defendant notice of a rejection of its holding over. Plaintiff argues that no periodic tenancy was created because plaintiff did not acquiesce in defendant's holding over and refused to accept the rent tendered after expiration of the lease.

Plaintiff is correct that defendant's reliance upon *Smith v. Holt*, 193 S.W.2d 100 (Tenn. Ct. App. 1945), is misplaced. In *Smith,* this Court stated that a periodic tenancy was created when the tenant held over with the consent of the landlord, and that it could not be terminated without sufficient notice from one to the other. *Id*. In this case there was no consent by the landlord to defendant's holding over. Thus, no periodic tenancy was created that would require notice to terminate. Plaintiff refused to accept rent from defendant after the lease expired, and would not renew the lease after November 30, 2008.

The lease and extension clearly state that the lease would terminate on November 30, 2008, and that the property was to be returned to the landlord in good condition at that time. The lease does not require any notice to be given to defendant before defendant is required to vacate. Thus, the Trial Court properly found that plaintiff was entitled to possession of the property.

Defendant argues that the amount of rent awarded for the holdover period should be the fair market rental value of the property, rather than the last agreed upon rent amount. Defendant relies upon the cases of *AHCI, Inc. v. Lamar Advertising of Tennessee, Inc.*, 898 S.W.2d 191 (Tenn. 1995), and *Kokomo Grain Co., Inc. v. Randy Collins, et al.*, 2004 WL 626722 (Tenn. Ct. App. Mar. 26, 2004).

These cases deal with the situation of a landlord allowing a tenant to hold over but attempting to raise the rent, and what type of notice was required. The Court stated that an unequivocal demand, rather than a negotiable offer, was necessary, and that if an agreement was not reached the tenant would be liable for the fair market rental value. *Id*. While these cases are not exactly on point factually, there is still language to suggest that a holdover tenant can be held liable for either the previously agreed upon rent or the proven fair market value, if different. *Id*.

While defendant argues that the only evidence of the fair market rental value of the property was the testimony of Slyman, this argument ignores the fact that fair market value is typically shown by what a reasonable tenant would pay and what a reasonable landlord

would charge if neither was compelled to enter into the transaction. *See, e.g.*, *Nashville Housing Authority v. Cohen*, 541 S.W.2d 947 (Tenn. 1976). The evidence is undisputed what defendant had previously agreed to pay plaintiff in rent and there was also evidence of what defendant considered to be a fair market rental value. We hold the Trial Court did not err in basing its judgment for unpaid rent on that amount.

We affirm the Judgment of the Trial Court and remand, with the cost of the appeal assessed to Southside Package Store, Inc.

_____
HERSCHEL PICKENS FRANKS, P.J.