## PARKS *v.* HAYS.

### (*Nashville.* January 5, 1893.)

1. LEASES. *Conditions in providing for forfeitures strictly construed.*

Conditions in leases providing for forfeitures are strictly construed.

Cases cited and approved: Levett *v.* Bickford, 8 Hum., 618; Planters' Ins. Co. *v.* Diggs, 8 Bax., 564; Allen *v.* Dent, 4 Lea, 677.

2. SAME. *Waiver of condition of forfeiture for non-payment of rent.*

Condition in lease providing a forfeiture upon non-payment of rent is waived, unless, in the absence of special stipulation on the subject, the rent is demanded by the lessor at a suitable place upon the premises, and on the very day that it falls due, at a convenient hour before sunset.

---

### FROM MOORE.

---

Appeal in error from Circuit Court of Moore County. M. D. SMALLMAN, J.

R. E. L. MOUNTCASTLE and R. A. PARKS for Hays.

W. D. L. RECORD for Parks.

LURTON, J. This is an action of unlawful detainer. The plaintiff is the lessor, and the defendant her tenant, who entered under a lease for the term of three years. Notes were executed for the

11—8 p

rent reserved, payable six months apart, for equal sums. The first two notes were not paid at maturity, and suit was brought upon them as they severally fell due, and the landlord's lien enforced by attachment.

While the second suit was pending, this action was begun to recover possession under a forfeiture. The case was heard without a jury, and judgment rendered in favor of the plaintiff.

The clause in the lease under which the landlord claims a right of re-entry is in these words: "The said Hays is to pay $500 per annum, as follows, * * * for all of which sums he has executed his notes; and, if he defaults therein, possession to revert to me, and he to forfeit all rights hereunder." No demand for payment of either of the two matured notes was made by the landlord upon the day of payment; nor is any demand shown to have been made upon the premises at any time. Conditions in leases providing for forfeitures are, at common law, strictly construed. The rule of the common law, as stated by Mr. Washburn, is this: "In order to avail himself of his right to enter and defeat the estate of the lessee for a breach of condition, there are certain things required by the common law to be done by the reversioner, in respect to which the law is quite strict, unless the parties shall, by agreement, have substituted something in its stead. If the condition be for the payment of the rent, there must be—

" 1. A demand of the rent precisely upon the day when the rent is due and payable by the lease, to save the forfeiture.

" 2. It must be made a convenient time before sunset.

" 3. It must be made upon the land, at the most notorious place upon it, which would be the front door of the dwelling-house, if there was one upon the land, unless some other place is agreed upon by the parties." 1 Wash. on Real Estate, side-page 321.

The rule is stated substantially in the same terms by Mr. Greenleaf. 1 Greenl. on Ev., Secs. 326, 327.

The lease before us makes no agreement as to place of payment, and it contains none waiving demand. No statute has changed the strict requirements of the common law, which has been regarded as fully in force in this State in regard to claims of forfeiture under conditions in leases. *Levett* v. *Bickford*, 8 Hum., 618; *Planters' Ins. Co.* v. *Diggs*, 8 Bax., 564; *Allen* v. *Dent*, 4 Lea, 677.

Reverse the judgment, with costs.