ELDER *v.* EPPERSON.

*(Nashville,* December Term, 1937.)

Opinion filed May 27, 1938.

ROBT. L. McREYNOLDS, of Clarksville, for plaintiff in error.

MOREAU P. ESTES W. S. NOBLE, J. J. LUTIN and MOREAU P. ESTES, JR., all of Nashville, for defendant in error.

MR. JUSTICE COOK delivered the opinion of the Court.

The plaintiff, Mrs. Elder, will be hereafter referred to as the lessor, and the defendant, Mrs. Epperson, as the lessee. The lessee was in possession of premises used as an annex to the Hotel Montgomery in Clarksville, Tennessee, under a lease for a term of years. The lease contained a provision that "the lessee agrees to pay the rent on the first day of each month, but not in advance, and in case of default in the payment of any instalment of the rent for thirty days after the same is due the lessor may declare the lease at an end and collect rents accrued prior to taking possession and the lessor shall have a right to take possession of the property at once."

The lessee defaulted in payment of the rent of $170 for the month of September, 1935, and on November 1, the day of default, filed a petition in bankruptcy. On the day the petition was filed the lessee's attorney wrote the lessor a letter:

"I filed a petition in bankruptcy today for Mrs. Lulu B. Epperson, which was rendered necessary by the fact that the Montgomery Hotel was taken away from her, leaving her with debts that she could not pay. She is leasing the Hotel Annex from you. I understand that the rent due today will not be paid for the reason that this matter will have to be adjusted with the Referee in Bankruptcy before this can be done. In the meantime, I understand that you cannot declare a forfeiture under the lease, even if you wish to, which I assume that you do not. However, the lease provides that at its termination Mrs. Lulu B. Epperson has the right to remove all improvements which she placed upon it, which includes all the bathroom plumbing and heating fixtures. If you have in mind a forfeiture of this lease, I would like to know it so that I may either remove these articles from the building or make some adjustment in reference to them. I will probably be in Clarksville at an early date and will be very glad either to see you or Mr. Bailey, who, I understand, sometimes handles the matters affecting this lease."

On November 4, the lessor's attorney wrote the lessee's attorney:

"Your letter of November 1 to Mrs. Elder of this City has been referred to me by Mrs. Elder. As I understand it, Mrs. Epperson owes rent from September 1 and she has been in default in the payment of a rent instalment for 30 days. Mrs. Epperson having failed to fulfill her part of the lease contract Mrs. Elder has requested that I ask that Mrs. Epperson vacate the premises. We shall expect the premises to be vacated in the next few days."

Lessor's attorney filed a petition in the bankruptcy court and asked for an order authorizing the lessor to

bring an action of unlawful detainer to recover possession. Subsequent proceedings in that connection in the bankruptcy court are immaterial beyond the fact that the lessee claimed homestead rights under the lease and the trustee in bankruptcy disclaimed any interest in the leased property. After the trustee's disclaimer, the lessor commenced this action of unlawful detainer, insisting that the lease terminated upon lessee's default in payment of the rent.

The action was dismissed by the trial judge upon the lessee's motion for peremptory instructions for failure of the lessor to demand payment on the day the rent was payable, and the Court of Appeals affirmed the judgment. Both courts observed the rule at common law applicable to leasehold estates subject to forfeiture upon nonpayment of rent. Co. Litt. 202; 1 Sanders Rep. (Eng.), 287, note 16; 2 Bouv. Law Dict., 2853, see Re-entry.

In cases involving forfeiture upon nonpayment of rent, demand is held necessary as a condition precedent to re-entry in our cases of *Matthews* v. *Crofford,* 129 Tenn., 541, 167 S. W., 695; *Parks* v. *Hays,* 92 Tenn., 161, 22 S. W., 3, and *Levett* v. *Bickford;* 27 Tenn. (8 Humph.), 614, 618. Relying upon the rule announced in the foregoing cases, it is contended for the lessee that there has been no legal termination of the lease. It is claimed that the facts here present a case of common law forfeiture of an estate and in order to forfeit for non-payment of rent, there must have been a demand for payment of the rent on the day it was payable in a conspicuous place in front of the premises, "a convenient time before sunset, so that the money might be counted and receipt given while there was light enough reasonably to do so."

This insistence overlooks the fact that the com-

mon law necessity for a demand of rent may be obviated by a provision in the lease or by acts of the parties. We find that the demand for payment was obviated by the fact that on the day the rent was payable lessee filed a petition in bankruptcy and through her attorney notified the lessor that the rent would not be paid. The lease provided that in case of default in payment of rent thirty days the lessor could declare the lease at an end and take possession of the property at once. That provision of the lease gave the lessor the right to terminate it upon the lessee's failure to pay the rent. The agreement of the parties operated to end the term upon non-payment of rent without the ceremony preceding re-entry and forfeiture. 2 Tiffany, Landlord and Tenant, 1402; Gear on Landlord and Tenant, section 71; 16 R. C. L., p. 1128, section 648, p. 1145, section 665; *Hanley Falls Creamery Co.* v. *Dairy Co.*, 126 Minn., 226, 148 N. W., 46, 52 L. R. A. (N. S.), 719; *Shannon* v. *Long*, 180 Ala., 128, 60 So., 273; *McCroskey* v. *Hamilton*, 108 Ga., 640, 641, 34 S. E., 111, 75 Am. St. Rep., 79; *Guffy* v. *Hukill*, 34 W. Va., 49, 11 S. E., 754, 8 L. R. A., 759, 26 Am. St. Rep., 901; *Pendill* v. *Union Mining Co.*, 64 Mich., 172, 31 N. W., 100; *Shanfelter* v. *Horner*, 81 Md., 621, 32 A., 184; *Niagara Falls H. P. & Mfg. Co.* v. *Schermerhorn*, 60 Misc., 209, 111 N. Y. S., 576, 585; *Blue Ridge Coal Co.* v. *Hurst*, 196 Ky., 432, 244 S. W., 892; *Harld Holding Co.* v. *Laird*, 101 N. J. Eq., 94, 136 A., 731; *Ocean Grove Camp* v. *Sanders*, 68 N. J. L., 631, 54 A., 448; *Texas Rural Communities* v. *Avary* (Tex. Civ. App.), 113 S. W. (2d), 597.

The reason for the strict rule of the common law arose out of the laws of tenure that developed under the English feudal system. They were designed to prevent arbitrary forfeiture of leasehold estates, with the at-

tendant loss of crops and improvements by the tenants. But a distinction exists between leases for a term of years coupled with a contractual provision that the lease shall terminate for nonpayment of rent, and leasehold estates held under deeds coupled with a provision for forfeiture for nonpayment of the rent. The distinction is observed in 4 Kent, Ch. 57, and applied in the cases above cited.

For the reasons stated, the judgment of the Court of Appeals and the trial court is reversed. The cause will be remanded to the Circuit Court of Montgomery County for such further proceedings in conformity with this opinion as may be necessary.