BARNETT *v.* DOOLEY.

(*Knoxville,* Sept. Term 1947 (May Session 1948).)

Opinion filed June 12, 1948.

612

W. E. Fitzgerald, of Knoxville, for plaintiff in error.

S. E. Hodges, of Knoxville, for defendant in error.

Mr. Justice Tomlinson delivered the opinion of the Court.

Mrs. Dooley, defendant in error here, instituted an unlawful detainer suit in the General Sessions Court of Knox County on August 2, 1947, for the recovery of the premises in dispute. She alleged that Jack Barnett, plaintiff in error here, unlawfully detained possession thereof from her. The warrant contained no other statement of the cause of action, but a few days after the institution of the suit Barnett paid into Court the rent of $37.50 due for the month of August.

In due course, judgment awarding possession to Mrs. Dooley and ordering writ of possession was had in the General Sessions Court, is being there held that the tender of the August rent after the institution of the unlawful detainer suit was too late.

Barnett seasonably filed his petition for *certiorari* and *supersedeas* in the Circuit Court and therein alleged that

Mrs. Dooley had rented this property to him, and that thereafter on May 7, 1947, the Federal Rent Control Office for the Knoxville Area reduced the rent from $70.00 to $37.50 per month, effective June 1, 1947, and that he continued to occupy the premises "on a month to month basis," and pay "the sum of $37.50 per month for rent since June 1, 1947," and that prior to the institution of the suit on August 2, Mrs. Dooley had "accepted rent on said premises up to August 1," at $37.50 per month.

Mrs. Dooley filed a motion "to dismiss the petition for writs of *certiorari* and *supersedeas*" and to "discharge said writs." The ground of this motion was that the petition for *certiorari* shows on its face that rent for the month of August was in arrears at the time Barnett tendered same; that this constituted "an ouster," and "it was too late to tender the rents after suit was brought."

This motion was sustained, because the *certiorari* showed on its face that Barnett "was in arrears with his rent for the month of August, 1947 when suit was brought" and that tender thereafter came too late.

The second of the three errors assigned by Barnett upon this appeal is that the trial court in overruling that ground of his motion for a new trial reading as follows:

"Defendant's failure to pay rent did not terminate or forfeit his tenancy, in the absence of a provision in their rental agreement, and in this case there was no such provision, and if there was such a provision, the landlord was required to make formal demand of the rent. No such demand was made by the plaintiff, nor was there an understanding between the parties waiving demand."

The wording of the petition for *certiorari* is such that it alleges a calendar month tenancy; and that the rent had

been paid through the calendar month of July when the unlawful detainer suit was instituted on August 2. These allegations of the petition must be accepted as facts in considering the merits of the motion to dismiss "and discharge" the petition. Also, this being an action at law, strict compliance with applicable rules of law is required in measuring the rights of the litigants. Mrs. Dooley has predicated her alleged rights to the failure of Barnett to very strictly comply with the very letter, so to speak, of the oral rental contract.

In the very thorough and scholarly opinion of the Court of Appeals in the recent case of *Smith* v. *Holt*, 29 Tenn. App. 31, 193 S. W. (2d) 100, 102, *certiorari* denied by this Court, and in which supporting opinions of this Court are cited, it is held that if the tenancy is from month to month, a month's notice must be given before the commencement of a new month, in the event termination of the tenancy is desired.

Under the authority of *Smith* v. *Holt, supra,* and the cases it cites, nothing else appearing, if Mrs. Dooley desired to terminate this calendar month tenancy so as to obtain possession of the property in August, 1947, it was incumbent upon her to give Barnett notice thereof on July 1, 1947. It does not appear in the record that she gave such notice, and brief filed in her behalf concedes that the only notice given Barnett was by the commencement of the unlawful detainer suit.

In the instant case the commencement of the unlawful detainer suit did not cure the failure to give the required month's notice since Barnett was lawfully in possession on August 1 for the period ending August 31. His new period of tenancy commenced with the very beginning of that day for the reason that he was lawfully in possession immediately before and at the very beginning of

that day, no notice of termination of the lease having been given him up to and including that time.

Under the allegations of his petition for *certiorari*, which must here be accepted as facts, it was his privilege to pay the August rent at any time during the day of August 1 and he was not in default until that day had closed without the payment of the rent having been made. Thus, default in payment of rent occurred after he was lawfully in possession for the new period of tenancy ending August 31, 1947. He was not, therefore, unlawfully detaining the premises when the unlawful detainer suit was instituted on August 2, 1947, unless his tenancy had been forfeited by his failure to pay rent before delinquency occurring after the August tenancy had begun.

The law is that "a tenant's failure to pay rent does not terminate or forfeit his tenancy, in the absence of a provision in the lease for such forfeiture; and where there is such a provision, the landlord must make formal demand of the rent . . . unless such demand is waived by the lease or by act of the parties." *Smith* v. *Holt, supra,* and cases there cited.

There is no evidence in this record of a provision in the oral lease for forfeiture upon failure to pay rent before delinquency, or that the necessity for formal demand was waived by Barnett. Certainly, this Court cannot presume the existence of such provisions in the oral contract. Nor is there any evidence that formal demand for the rent was made before the close of business on August 1, 1947. In fact, the necessary implication of Mrs. Dooley's brief is to the contrary.

This State follows the common law rule that, in order to effect a forfeiture of the lease for non payment of rent, the landlord must make demand before the close of the day such rent becomes due. *Matthews* v. *Crofford*,

616

129 Tenn. 541, 552, 167 S. W. 695. We find in our cases no departure from this rule. In the case of *Elder* v. *Epperson*, 173 Tenn. 219, 222, 223, 116 S. W. (2d) 1015, an exception was made by reason of the fact that the tenant had filed a petition in bankruptcy before there had expired the time within which demand must be made. This obviated the necessity for such demand, since the law does not require an idle gesture.

For the reasons stated, our view of this case is that the learned trial judge erred in dismissing the petition for *certiorari* because the rent for August had not been paid when the unlawful detainer suit was instituted and heard in August, 1947. Thus suit did not supply the requisite notice stated, under the facts of this case. *Smith* v. *Holt, supra*. Accordingly, the second assignment of error hereinbefore quoted is sustained.

The judgment of the Circuit Court is reversed with costs of the appeal adjudged against Mrs. Dooley. The cause is remanded for such further proceedings as may be necessary in accordance with this opinion and for collection on the bond made for that purpose of accrued rents unpaid since August 1, 1947, Barnett having remained in possession.

All concur.