ARNOLD *et al. v.* LEMOND *et al.*

(*Jackson,* April Term, 1951.)

Opinion filed June 16, 1951.

HEATHCOCK & ELAM, of Union City, for plaintiffs in error.

HAL HOLMES and GAYLE MALONE, both of Trenton, for defendants in error.

Mr. Justice Prewitt delivered the opinion of the court.

This is an unlawful detainer suit instituted before a justice of the peace at Trenton to recover possession of a commercial building in that city. The plaintiff's warrant was dismissed by the justice of the peace. The circuit judge, trying the case without the intervention of a jury, also rendered judgment for the defendant. The plaintiff's four assignments of error present but one question for determination: Where a lease contract provides for a termination of the contract, at the option of the lessor, for nonpayment of rent, is formal demand for rents due or past due a prerequisite to lessor's right to terminate the contract, in the absence of an expressed provision in the contract waiving demand, or in the absence of a waiver on the part of the lessee when the rent is due?

The written lease contract, filed as exhibit "A" to the stipulation, contains the following paragraph:

"Failure of the Tenant to pay the rent monthly as hereinabove stipulated shall, if such default continue for as much as Thirty (30) Days, shall at the option of Owner by a forfeiture of the lease and the Owner may notify Tenant of the claimed forfeiture and have a right to re-enter and take possession of the property. Indulgence upon the part of the Owner for any failure to pay the rent promptly will not defeat the Owner's right to declare a forfeiture, as hereinabove stipulated at Owner's option, if such default should obtain at any other time."

It was stipulated in the case:

"The rents due on the last days of July and August, 1949, were unpaid by the lessee or sub-lessee on those dates."

No demand was made upon the lessee or sub-lessees by the owners for either of said monthly rentals on the premises anywhere or at any time. However, on September 1, 1949, the owner sent to Thomas Lemond and Vance Lannom by the United States mail a notice that they had terminated and cancelled the lease on account of the nonpayment of rents.

Upon receipt of such notice, Lemond on September 1, 1949 mailed to the owners a check for the rent for the two months' period in question. This check was returned. The defendants have made a tender of such rents in the magistrate's court in this case and are making a continuing tender of all past due and currently due rents in the case.

So, it appears from the stipulation, that the plaintiffs did not make a formal demand for the rent on the day it was due, on the premises or elsewhere, nor did they make a formal demand for the rents that were due before they sent notice to the defendants to vacate the premises.

The plaintiffs here, the lessors, rely upon the case of *Elder* v. *Epperson,* 173 Tenn. 219, 116 S. W. (2d) 1015. In this case, as in the Elder case, the lease provided for a forfeiture on nonpayment of rent. It is insisted by the plaintiffs here that where the lease contains a forfeiture on nonpayment of rent, no demand for rent is required to enable the lessor to terminate the lease. On the other hand, the defendants insist that even though there is a written lease with a forfeiture provision, if such written lease does not waive demand for past due rents, then the demand must have been made.

 The common law rule is that to effect a forfeiture of the lease for nonpayment of rent, the landlord must make demand before the close of the day that the rent becomes due.

In our recent case of *Barnett* v. *Dooley,* 186 Tenn. 611, at pages 615-616, 212 S. W. (2d) 598, 600, this Court said:

"This State follows the common law rule that, in order to effect a forfeiture of the lease for nonpayment of rent, the landlord must make demand before the close of the day such rent becomes due. *Matthews* v. *Crofford,* 129 Tenn. 541, 552, 167 S. W. 695. We find in our cases no departure from this rule."

In *Elder* v. *Epperson,* supra, there was a lease containing the same forfeiture provisions as the lease in the present case and plaintiffs here insist that the written provisions in the Elder case control the decision of the Court. However, in *Barnett* v. *Dooley,* supra, 186 Tenn. at page 616, 212 S. W. (2d) at page 600, the Court said:

"In the case of *Elder* v. *Epperson,* 173 Tenn. 219, 222, 223, 116 S. W. (2d) 1015, an exception was made by reason of the fact that the tenant had filed a petition in bankruptcy before there had expired the time within which demand must be made. This obviated the necessity for such demand, since the law does not require an idle gesture.

It appears, therefore, that the decision in the last mentioned case turned on the fact that the tenant had filed a petition in bankruptcy rather than the terms of the written contract.

 It will be observed that in the present case, the written contract did not waive the common law requirement of demand for the rent, nor does this case present

circumstances where such a demand would have been an idle ceremony.

It results that the judgment of the lower court must be affirmed.

All concur.