# D. H. WOOLDRIDGE and MURDOCK ACCEPTANCE CORP., Appellees, v. HERMAN ROBINSON, Appellant.
## —352 S. W. (2d) 238.

Western Section.　August 31, 1961.

Certiorari Denied by Supreme Court, December 8, 1961

138

Frank L. White and Harold R. Ratcliff, Memphis, for appellant.

Charles G. Black, Memphis, for appellees.

BEJACH, J. This cause involves an appeal by Herman Robinson, who was the defendant in the lower court, from a decree of the Chancery Court overruling his motion to dissolve an injunction. Inasmuch as it was and is conceded by counsel for all parties that the sole relief sought by complainants' bill was injunctive relief, the decree appealed from was treated, and we think properly so, as a final decree from which an appeal was properly prayed and perfected to this Court. For convenience, the parties will be referred to, as in the lower court, as complainants and defendant, or called by their respective names.

■ Although the motion to dissolve the injunction was denied in May 1960, and the Chancellor's memorandum opinion overruling such motion,—which opinion is made a part of the record,—was filed May 6, 1960, the decree evidencing that action, which is the decree appealed from, was not entered until December 28, 1960. Several other steps in the cause, which are evidenced by orders of the Chancellor, were taken in the meantime. Reference to these orders will be hereinafter made. The injunction granted January 12, 1960, motion to dissolve which was denied by the decree appealed from, prohibited the defendant, Herman Robinson, from interfering with complainant D. H. Wooldridge in the collection of rents from the Associates Loan & Investment Company, John E. Kelly, and H. Galtelli on the property located at 3484-3486 Park Avenue, Memphis, Tennessee. This amounted to an injunction against cancellation or forfeiture of the lease on said premises between complainant D. H. Wooldridge and defendant Herman Robinson. Said lease, which was recorded, was for "three (3) years, commencing on the 1st day of December 1957 and ending on the 31st day of November 1960." The lease which provided for payment of rental in the amount of $265.00 per month to defendant Robinson was subleased by Wooldridge to the Associates Loan & Investment Company, John E. Kelly, and H. Galtelli. It is conceded that subleasing was authorized by the lease. The total amount accruing to complainant Wooldridge under the sublease was $425.00 per month or a profit of $60.00 per month in excess of the $265.00 per month due from him to defendant Robinson. After Wooldridge had subleased the premises, he borrowed from complainant Murdock Acceptance Corp. the sum of $5,800, as security for the

repayment of which loan he assigned his rent from the sublessees. Murdock Acceptance Corp. is, therefore, a proper party, but not a necessary party to this litigation.

As of December 1959, Wooldridge was four months in arrears in his rent to Robinson, and on December 28, 1959, owed to Robinson the sum of $1,060. On December 28, 1959, Robinson, the lessor, through his attorney Hon. Frank L. White, wrote to Wooldridge demanding payment of said sum of $1,060 by December 31, 1959. A conference was thereupon requested, which was held December 31, 1959 at the office of Hon. Frank L. White. At this conference, in addition to White, there were present Robinson, Arthur Johnson, an employee of Murdock Acceptance Corp., John E. Murdock, Sr., president of Murdock Acceptance Corp., and Hon. Charles G. Black, attorney for complainants. Murdock held a power of attorney from Wooldridge. The conference was inconclusive as to any definite agreement; but, in his opinion, the Chancellor found as a fact that "At the conclusion of the conference on December 31, 1959, he (Robinson) told the complainant that he would give them an answer later, and Mr. White, his lawyer, testified that he told the complainants that they wanted to talk matters over and that he would call them on Monday." The Chancellor also found as a fact that "The accrued rent was tendered by complainants' attorney to defendant's lawyer on January 11, 1960, and was refused. That same date, the defendants wrote a letter addressed to complainant Wooldridge advising that the lease had been cancelled." Also, on the same day, to wit, January 11, 1960, after refusal of tender of $1,325, which included rent for January 1960, the bill in the instant case was

filed. The sum of $1,325 was also tendered with complainants' bill filed January 11, 1960 and paid into the registry of the court.

The motion to dissolve the injunction was filed January 22, 1960. The hearing of said motion was held shortly thereafter, but the Chancellor's opinion denying said motion was not filed until May 6, 1960, and the order denying said motion to dissolve was not entered until December 28, 1960. In the meantime, on May 24, 1960, defendant filed a motion to dispose of part of the funds tendered into court with complainants' bill, to allow and award fees to defendant's solicitor, and to increase the injunction bond commensurate with the anticipatory loss of rentals from January 1960 to November of that year. On June 2, 1960, the Chancellor entered an order sustaining said motion, which order directs that the sum of $1,060, representing the rent from September 1, 1959 through December 31, 1959, be paid to defendant Wooldridge, that $212.00 be paid to Frank L. White, solicitor for defendant for services rendered in collection of said sum of $1,060, as provided for in the lease, but not for services in defending this cause, and increasing the injunction bond from $1,000 to $5,000.

The answer of defendant was not filed until June 14, 1960.

The bond in the increased sum of $5,000 was filed in the cause. Thereafter, on October 18, 1960, complainants filed a motion, which sets out that since the filing of this suit, the subtenants of complainant Wooldridge had been paying their monthly rents by checks made payable to the joint order of attorneys for complainants and defendant, and that the total of such checks

had accumulated to the amount of $3,100. Complainants contended in their motion that, because of having furnished bond in the sum of $5,000, they should be entitled to have paid to them the proceeds of said checks totalling $3,100. Instead of granting complainants' said motion, the Chancellor ordered that the proceeds of said checks totaling $3,100 be deposited with the Clerk, subject to further orders of the Court in this cause. His order so directing, which was entered October 27, 1960, also reduced the injunction bond from $5,000 to $500.00. This order was supplemented by an additional order to the same effect, entered November 2, 1960. On November 2, 1960, defendant also filed a motion requesting additional findings of fact by the Chancellor, but the record discloses no action by the Chancellor on this motion.

On December 28, 1960, the order denying defendant's motion to dissolve the temporary injunction and granting defendant's appeal was entered. Two days later, on December 30, 1960, based on statement of counsel for the parties that the lease had expired and would not be renewed, an order was entered dissolving the injunction and releasing the surety. Said order provides, however, that it does not affect the order denying defendant's motion to dissolve the temporary injunction from which defendant had filed notice of appeal. On January 23, 1961, by the filing of his appeal bond, defendant perfected the appeal.

As appellant, the defendant has filed in this Court five assignments of error. Assignments I to IV, inclusive, present the single question of whether or not the Chancellor erred in ruling that the lease from Robinson to Wooldridge had not been cancelled prior to the filing of

the bill in this cause. By assignment number V, defendant claims that the Chancellor erred in allowing attorneys' fees for collection of delinquent rent, only, and in refusing to allow attorneys' fees for defense of the injunction suit.

No bill of exceptions was filed, although the decree entered December 28, 1960 contains the following recital:

"This cause came on to be heard before Chancellor Robert A. Hoffmann on the defendant's written motion to dissolve a temporary injunction heretofore issued against the defendant in this cause, restraining the defendant from further interfering with the collection of rent by the complainant, D. H. Wooldridge, from Associates Loan & Investment Co., John E. Kelly, and H. Galtelli, on the property located at 3484-3486 Park Avenue, Memphis, Tennessee, upon the original bill and upon the affidavits introduced by the defendant, and upon the testimony of witnesses for complainant and for defendant adduced in open court and upon the statements and arguments of counsel and memorandum briefs submitted by both parties and the entire record of this cause."

At first blush, it would seem, the lease having expired and the injunction having been dissolved on December 30, 1960, that the question of whether or not the Chancellor erred in refusing to dissolve the injunction on June 6, 1960 has become moot. This is not true, however, because, on this Court's ruling on that question depends disposition of the rents paid into the registry of the court by Wooldridge's subtenants, from January 1960 to November 1960, inclusive. According to the

brief filed by counsel for appellant, the total amount of such rents paid into court is $4,728 of which amount $1,815 is claimed by complainant Wooldridge and his assignee, Murdock Acceptance Corp., which claim is, of course, contested by the defendant, Robinson, on the ground that after January 1, 1960, complainants had no interest in the rents paid by the subtenants. It seems obvious, therefore, that if this cause is affirmed, complainants will be entitled to the disputed item of $1,815. In any event, Robinson will be entitled to only $265.00 per month.

The particular provision of the lease relied on by defendant, under terms of which he claims to have cancelled the lease, is paragraph 22 of same, which is as follows:

"All covenants and agreements herein made and obligations assumed are to be construed also as conditions and these presents are upon the express condition that *if Lessee should fail to pay when due any of the aforesaid rent notes for installments of rent,* or should fail to perform or observe any of the covenants, agreements or obligations herein made or assumed by said Lessee, then, and *thenceforth, in any of said events, this lease may be forfeited and thereby become null and void* at the option of the Lessor, and said Lessor may immediately, or at any time after the breach of any of said covenants, reenter said premises and building or any part thereof in the name of the whole, and repossess and have the same as of Lessor's former estate and remove therefrom all goods and chattels not thereto properly belonging, and expel said Lessee and all other per-

sons who may be in possession of said premises and building, *and that, too, without demand or notice."* (Emphasis added.)

The Chancellor ruled that the demand for rent, required at common law as a condition precedent to cancellation of a lease for nonpayment of rent, had not been waived by the language contained in the lease here involved, and that the phrase "and that too without demand or notice" contained in paragraph 22 of the lease which is quoted above, refers to the right of reentry only, and does not refer to the common law requirement of demand for payment of the rent. We think the Chancellor ruled correctly.

In Arnold v. Lemond, 192 Tenn. 366, 241 S. W. (2d) 430, 28 A.L.R. (2d) 801, the Supreme Court held that the lease there involved had not been cancelled, where the owner, in the absence of previous demand for the rent, mailed to the tenant a notice that the lease had been cancelled on account of nonpayment of rents, and, where, upon receipt of such notice, the tenant mailed to the landlord a check for the two months rent which was in arrears. The language in that lease which was relied on as giving to the landlord the right of cancellation, was as follows:

"Failure of the Tenant to pay the rent monthly as hereinabove stipulated shall, if such default continues for as much as Thirty (30) Days, shall at the option of Owner by (evidently misprint for "be") a forfeiture of the lease and the Owner may notify Tenant of the claimed forfeiture and have a right to reenter and take possession of the property. Indul- gence upon the part of the Owner for any failure

to pay the rent promptly will not defeat the Owner's right to declare a forfeiture, as hereinabove stipulated at Owner's option, if such default shall obtain at any other time." Arnold v. Lemond, 192 Tenn. 367, 241 S. W. (2d) 431.

From the Supreme Court's opinion, written by Mr. Justice Prewitt, now Chief Justice, we quote as follows:

"The common law rule is that to effect a forfeiture of the lease for nonpayment of rent, the landlord must make demand before the close of the day that the rent becomes due. In our recent case of Barnett v. Dooley, 186 Tenn. 611, at pages 615-616, 212 S. W. (2d) 598, 600, this Court said:

" 'This State follows the common law rule that, in order to effect a forfeiture of the lease for nonpayment of rent, the landlord must make demand before the close of the day such rent becomes due. Matthews v. Crofford, 129 Tenn. 541, 552, 167 S. W. 695. We find in our cases no departure from this rule.' " Arnold v. Lemond, 192 Tenn. 369, 241 S. W. (2d) 432.

The case of Elder v. Epperson, 173 Tenn. 219, 116 S. W. (2d) 1015, relied on by defendant's counsel as authority for the proposition that the common law requirement for demand on the premises as a condition precedent to forfeiture, may be obviated by provisions of the lease itself, or by acts of the parties, is distinguished in Arnold v. Lemond, on the ground that in the case of Elder v. Epperson necessity for demand was obviated by the fact that the tenant was bankrupt, and that in such case, demand would have been an idle gesture.

· The case of Parks v. Hays, 92 Tenn. 161, 22 S. W. 3, is also cited by counsel for defendant for the proposition that where a lease requires payment of rent at a place different from the leased premises, as does the lease involved in the instant case, the common law requirement of demand for rent on the premises on its due date, has no application. In that case, however, the landlord who claimed forfeiture of the lease had sought possession of the property by an action of unlawful detainer, in which action, he had prevailed in the Circuit Court. The Supreme Court, however, reversed the action of the Circuit Court. From the Supreme Court's opinion, written by Lurton, J., we quote as follows:

"The lease before us makes no agreement as to place of payment, and it contains none waiving demand. No statute has changed the strict requirements of the common law, which have been regarded as fully in force in this state, in regard to claims of forfeiture under conditions in leases. Levett v. Bickford, 8 Humph. 618; [Planters] Insurance Co. v. Diggs, 8 Baxt. 564; Allen v. Dent, 4 Lea 677. Reverse the judgment, with costs." Parks v. Hays, 92 Tenn. 163, 22 S. W. 4.

■ ■ In the case at bar, the landlord, Robinson, had instituted no legal action to recover possession of the premises, and had not even told the tenant, Wooldridge, or his representative, that he had decided to exercise his option of forfeiture set out in paragraph 22 of the lease. Counsel for Robinson is asking this Court to validate such mental cancellation of the lease. This we cannot do. In our opinion, the defendant, Robinson, did not undertake to exercise his option of cancellation until

after tender of the rents in default had been made. It was then too late. But, it is contended by counsel for Robinson that the tender when made did not include attorneys' fees, to which Robinson was entitled under the provision in paragraph 30 of the lease, and consequently that the tender was not effective to prevent forfeiture. We cannot agree with this contention, because the tender, when made, was not refused on that ground, but on the ground claimed by defendant's attorney that the lease had previously been cancelled. We think the Chancellor ruled correctly that the phrase in paragraph 22 of the lease, "and that, too, without demand or notice" applies only to the landlord's right of reentry, which was never exercised in this case, and not to the landlord's option of forfeiture for nonpayment of rent.

The contention asserted by Assignment of Error V, that the Chancellor erred in allowing attorneys' fees only for collection of the delinquent rent, and in refusing to allow attorneys' fees for defense of the injunction suit and other services, is, in our opinion, without merit. The right to attorneys' fees, at the expense of the lessee, is provided for in paragraph 30 of the lease, which is as follows:

"Lessee agrees to pay all costs of collection, including reasonable attorneys' fees, if all or any part of the rent reserved herein is collected after maturity with the aid of an attorney; also to pay any reasonable attorneys' fees in the event it becomes necessary for the lessor to employ an attorney to enforce the lessee to comply with any of the covenants, obligations, or conditions imposed by this lease."

■ We think the attorneys' fee of $212.00, allowed by the Chancellor out of the fund tendered into court by complainant, Wooldridge, as lessee, was properly limited to services rendered by Robinson's attorney in collecting the four months delinquent rent from September 1959 to December 1959, inclusive. The services rendered in defending the instant suit were not services "to force the lessee to comply with any of the covenants, obligations, or conditions imposed by this lease", but were services in behalf of Robinson, the lessor, in an effort to assert rights under the lease to which Robinson as lessor was not entitled, as was correctly held by the Chancellor.

■ Heretofore, in this opinion, we have discussed the issues presented as if all questions of fact, as well as those of law, were properly presented to this Court by the defendant's appeal. In view of the fact, however, that no bill of exceptions was filed to preserve the testimony heard by the Chancellor on motion to dissolve the injunction, we must conclusively presume that the testimony which was heard amply justified the ruling made by the Chancellor. Murrell v. Murrell, 45 Tenn. App. 309, 323; 323 S. W. (2d) 15, 22; Dept. of Highways & Pub. Works v. Gamble, 18 Tenn.App. 95, 73 S. W. (2d) 175; Louisville & N. R. Co. v. Brown, 1 Tenn.Civ.App. 269; Duane v. Richardson, 106 Tenn. 80, 59 S. W. 135; Union Bank v. Lowe, 19 Tenn. 225. The record does contain affidavits presented at the hearing on the motion to dissolve the injunction; but, in our opinion, these, as well as the testimony then heard, should have been included in a bill of exceptions. Even if the Chancellor erred in construing the language of the lease here

involved, which we hold he did not, any possible testimony which would sustain the finding of facts made by him, and on which he based his rulings, must be presumed to have been actually offered and heard by the Chancellor.

It results that all assignments of error will be overruled, and the decree of the Chancery Court affirmed at the cost of defendant, Herman Robinson and the surety on his appeal bond, after which the cause will be remanded to the Chancery Court of Shelby County, Tenn. for further proceedings consistent with this opinion.

Avery, P. J. (W. S.) and Carney, J., concur.