622

ELIZABETH ROSE DAVIS TALLEY, Plaintiff in Error, v. J. B. TALLEY, Defendant in Error. No. 80.—371 S.W.(2d) 152.

Eastern Section. Heard by Western Section, at Knoxville November 27, 1962.

Rehearing Denied December 20, 1962.

Certiorari Denied by Supreme Court May 10, 1963.

Certiorari Denied November 12, 1963. See 84 S.Ct. 216.

John S. Wrinkle, Chattanooga, for plaintiff in error.

L. D. Miller, Chattanooga, for defendant in error.

BEJACH, J. This cause has previously been before the Court of Appeals, Eastern Section, having been Cause

Number 16, Hamilton Law Docket, on this Court's Calendar in 1960. It was reversed and remanded pursuant to an opinion by Hale, J. filed December 2, 1960. The present appeal involves matters which have occurred since that date. The cause originated as a divorce suit in the Circuit Court of Hamilton County, which was heard in Division II of that Court by Hon. Robert E. Cooper, at that time Judge of the Circuit Court of Hamilton County, but now a member of the Court of Appeals, Eastern Section. Judge Cooper granted a divorce to the plaintiff in error, Elizabeth Rose Davis Talley, together with the custody of an infant child, Linda Dianne Talley, and an award of alimony and child support. Visitation rights in favor of J. B. Talley, Jr., were set out in the decree. Subsequent to the entry of that decree, the plaintiff in error removed herself with the child to Dayton, Ohio, where she consorted with a married man, a Mr. Harris, whom she has since married, after his wife obtained a divorce from him. A petition was filed in the cause by defendant in error, J. B. Talley, Jr., seeking a cancellation of his obligation to pay alimony and child support, and seeking a change of custody to him of the infant child, Linda Dianne Talley. This petition was heard, ex parte, in Division IV of the Circuit Court of Hamilton County by Hon. David Tom Walker, Judge of that Division of the Court, after a pro confesso judgment had been taken against plaintiff in error. Plaintiff in error returned to Chattanooga, Tennessee and surrendered custody of Linda Dianne Talley to defendant in error; but she filed a petition to rehear before Judge Walker which was denied by order of court duly entered, and an appeal therefrom to the Court of Appeals was granted. This order is the one which was reversed on

the former appeal to this Court. From the opinion of Judge Hale, reversing the cause, we quote as follows:

"Under the inherent principles of equity which underlie divorce actions and matters connected therewith, we think the learned trial judge should have permitted the reopening of this case as to the custody of this child. This carries with it the equitable disposition of the allowance for alimony and support."

After the former appeal in this cause had been perfected, plaintiff in error surreptitiously regained custody of Linda Dianne Talley. Defendant in error then filed a petition for her citation for contempt of court. This petition was heard by Judge Walker of Division IV of the Hamilton County Circuit Court, who adjudged plaintiff in error to be in contempt of court; but he reserved a ruling on punishment therefor, because she had surrendered possession of the child to defendant in error. The order adjudging her in contempt of court was entered August 24, 1960. That judgment is the subject matter of a petition for writ of error which will be disposed of by this opinion. It was not included in the appeal from a later judgment of the court changing the custody of Linda Dianne Talley from plaintiff in error to defendant in error, which judgment was entered February 27, 1962. Appeal from that judgment was perfected March 27, 1962 by the filing of an appeal bond. The appeal from the order changing custody was granted on condition that the custody remain with the father, defendant in error, and, presumably, defendant in error still has custody of the child. Pursuant to the present appeal, the record was filed in this court June 20, 1962.

The record, as filed, contains no bill of exceptions, but does contain affidavits filed in the cause by plaintiff in error and by her attorney, Mr. John S. Wrinkle. To be properly considered as part of the record, however, these affidavits should have been incorporated in a bill of exceptions. Wooldridge v. Robinson, 49 Tenn.App. 137, 352 S.W.(2d) 238, 244. After the record was filed in this court, June 20, 1962, pursuant to plaintiff in error's appeal, she filed, on September 4, 1962, a petition for writ of error, by means of which she seeks to have reviewed and reversed the judgment of August 24, 1960, adjudging her guilty of contempt of court, by reason of her having taken the child of the parties out of the physical custody of J. B. Talley, Jr. On the same day, September 4, 1962, a written motion was filed by counsel for defendant in error, which seeks to strike the petition for writ of error, because same was filed more than two years after rendition of the judgment or decree sought to be reversed.

■ We will first dispose of the motion to strike the petition for writ of error. The motion to strike must, in our opinion, be granted. The law applicable to the situation is contained in sections 27-604, 27-605, and 27-606 T.C.A., which are as follows:

"27-604. Time for application to appellate court.— The application to the clerk of the proper appellate court to bring up a proceeding of the circuit, chancery, or county court shall be made within one (1) year after the judgment or decree.

"27-605. Time for application to appellate court or judge.—The application to the appellate court, or a judge thereof, to bring up a proceeding of the circuit, chancery, or county court shall be made within two

(2) years after the judgment or decree.

"27-606. Persons under disability.—Infants, persons of unsound mind, or imprisoned may prosecute writs of error within the time proscribed after disability removed."

Counsel for plaintiff in error concedes that the petition is filed more than two years after the entry of the judgment sought to be reviewed, but seeks to avoid that by bringing petitioner within the saving clause of section 27-606 T.C.A. The petition recites that she was at the time of the entry of the judgment a minor, and that she became 21 years of age on March 24, 1962. Inasmuch as this entire proceeding grows out of a divorce suit, the decree awarding child custody, together with alimony and child support, under the provisions of sections 36-820 and 36-828 T.C.A., remained under control of the court which granted the divorce. Since plaintiff in error was petitioner or complainant in the divorce action, which was filed by her while still an infant, without the intervention of a guardian or next friend, we think that, in subsequent proceedings in or growing out of that cause, she must be treated as if she were an adult. From the opinion of the Supreme Court in Kenner v. Kenner, 139 Tenn. 211, 226, 201 S.W. 779, L.R.A.1918E., 587, we quote as follows:

"It is said the defendant herself being a minor when this action was tried should have had a guardian appointed to defend for her, pursuant to complainant's application for such appointment. This is likewise a mistaken view. She needed no guardian to effect the contract of marriage; nor yet to escape its bond. Still less did she need one to defend the

rights she acquired under the decree that freed her. The court itself can protect personal rights of the nature here involved without the aid of a guardian." Kenner v. Kenner, 139 Tenn. 226, 201 S.W. 783, L.R.A.1918E 587.

From the opinion of this court in Holman v. Holman, 35 Tenn.App. 273, 244 S.W.(2d) 618, written by Swepston, J., we quote as follows:

"Under Code Section 8429 (36-804 T.C.A.) the bill may be filed in the proper name of complainant; it makes no distinction between adults and minors.

"Minors may prosecute and defend divorce actions without the necessity of a next friend or a guardian ad litem. Tenn.Proc.—Higgins & Crownover, Sec. 2336; Schouler on Marriage, Divorce etc., 6th Ed., Vol. 2, Sec. 1514; Gibson's Suits in Chancery, Sec. 1093, note 13, on the principle that one who is old enough to marry is old enough to sue in her own name.

\* \* \* \* \* \*

"The marriage of a minor child either with or without the consent of the parents fully emancipates such child from parental authority and from the duty of support and deprives the parent of the right to the child's earnings, even though the child may later be divorced while still a minor. Going v. Going, 8 Tenn.App. 690.

"We, therefore, conclude that complainant had the right to select her own domicile for the purpose of divorce even though yet a minor and that the Chancellor was in error in holding to the contrary." Hol-

man v. Holman, 35 Tenn.App. 277-278, 244 S.W.(2d) 619-620.

It is therefore our conclusion that plaintiff in error, even though a minor, could and should have filed her petition for writ of error, if she desired to do so, within two years after the date of the judgment on August 24, 1960, and that she is not entitled to the saving clause, ordinarily applicable to infants, as set out in section 27-606 T.C.A. The motion to strike the petition for writ of error is accordingly granted. Even if the petition for writ of error could be considered on its merits, there being no bill of exceptions in the record, the relief prayed for would have to be denied, unless it should be held that Judge Walker of Division IV of the Hamilton County Circuit Court had illegally exercised jurisdiction in the case. That question will be disposed of in a later portion of this opinion.

█ We will next dispose of plaintiff in error's appeal from the judgment of Division IV of the Circuit Court of Hamilton County, changing the custody of Linda Dianne Talley from plaintiff in error to defendant in error. In support of this appeal, plaintiff in error has filed in this court seven assignments of error. We deem it unnecessary to copy these assignments of error into this opinion or to discuss them separately. All of them must be considered and disposed of on the technical record only, as no bill of exceptions was filed; and unless reversible error appears on the face of the technical record, we must conclusively presume that the evidence heard by the trial judge justified the judgment rendered. Murrell v. Murrell, 45 Tenn.App. 309, 323 S.W.(2d) 15, 22; Department of Highways and Public Works v. Gamble, 18 Tenn.App. 95, 73 S.W.(2d) 175; Louisville & N.

R. Co. v. Brown, 1 Tenn. Civ.App. 269; Duane v. Richardson, 106 Tenn. 80, 59 S.W. 135; Union Bank v. Lowe, 19 Tenn. 225; Wooldridge v. Robinson, 49 Tenn.App. 137, 352 S.W.(2d) 238, 244.

The seven assignments of error filed in this court by plaintiff in error present, in our opinion, three questions which may properly be considered, either wholly or partially, on the technical record alone. These questions are:

1. Did Judge David Tom Walker of Division IV of the Circuit Court of Hamilton County have jurisdictional authority to enter the judgment complained of?

2. Did the Circuit Court of Hamilton County have jurisdiction to change the custody of the minor child, Linda Dianne Talley, after she had been removed by her mother from the State of Tennessee to the State of Ohio, where the mother became domiciled?

3. Was the Hon. David Tom Walker, Judge of Division IV of the Circuit Court of Hamilton County, interested in the lawsuit or so prejudiced against plaintiff in error as to disqualify him to hear the cause:

The principal contention of counsel for plaintiff in error is that Division IV of the Circuit Court of Hamilton County, which was established by Chapter 256, Public Acts of 1959, is a separate court from the other three divisions of the Circuit Court of Hamilton County, the procedure of which is regulated and controlled by Chapter 50, Public Acts of 1951. We think this contention is without merit. The provisions of sections 3, 4, and 5 of Chapter 256, Public Acts of 1959, afford, in our opinion, a conclusive refutation of this contention. These sections are as follows:

"Section 3. Be it further inacted, That the powers and jurisdiction of the Fourth Division of the Circuit Court of Hamilton County shall be equal and concurrent with the other Divisions of said Circuit Court, and all laws applicable to the other Divisions shall be applicable to said Fourth Division of the Circuit Court of Hamilton County.

"Section 4. Be it further enacted, That the practice and procedure in said Fourth Division of the Circuit Court of Hamilton County shall be the same as in the other Divisions of said Circuit Court and all laws, rules and regulations relating to practice and procedure, shall be applicable to all Divisions of said Circuit Court.

"Section 5. Be it further enacted, That the Clerk of the Circuit Court of Hamilton County shall act as Clerk of the Fourth Division of said Circuit Court as well as for all other divisions of said Circuit Court and shall keep dockets, records and minutes thereof as now or may hereafter be provided by law and rules of said Court. The compensation of said Clerk shall be and remain as it is now or may hereafter be fixed by law with the fees accruing to said Clerk for services rendered in each of the four Divisions of said Circuit Court to be treated as accruing in one Court only."

There is a subsidiary contention made by counsel for plaintiff in error that, even if Division IV of the Hamilton County Circuit Court is to be treated as a coordinate division of that Circuit Court, along with the other three divisions, nevertheless, this cause having been originally tried in Division II of that Court should have been tried

in Division II instead of Division IV. This contention is, also, in our opinion, untenable. It appears from the brief of counsel for plaintiff in error, filed in this court, that the original divorce suit of plaintiff in error was filed by Hon. James F. Morgan, now Judge of the Second Division of the Circuit Court of Hamilton County. This, under the provisions of section 17-201 T.C.A. would render Judge Morgan incompetent; and, even if the contention were otherwise sound, this would have made necessary either the appointment of a special judge in place of Judge Morgan, or a transfer of the cause to one of the other divisions of the Circuit Court of Hamilton County. We think the transfer to one of the other divisions was and is the more natural solution of that problem. Since the record is silent on this point, we must presume that the hearing in Division IV of the Hamilton County Circuit Court before Judge David Tom Walker was properly held in compliance with the rules and practices of the Hamilton County Circuit Court. Furthermore, when this cause was before the Court of Appeals on the former appeal, it came to this court from Division IV of the Circuit Court of Hamilton County and was remanded to that Court. We must, therefore, presume that the cause was properly appealed from Division IV of the Circuit Court of Hamilton County and properly remanded to that division of the same court. The Circuit Court of Hamilton County is neither two courts nor four courts, it is one court; and whether it speaks through the Judge of Division I, of Division II, Division III, or Division IV, it is the judgment of that one court that is delivered.

■ With reference to the contention that the Circuit Court of Hamilton County was without jurisdiction to

change the custody of the minor child here involved, because plaintiff in error had removed with that child to the State of Ohio, we think the law is clearly to the contrary. Under the decision of the Supreme Court in Johnson v. Johnson, 185 Tenn. 400, 206 S.W.(2d) 400, under the provisions of sections 36-820 and 36-828 T.C.A., exclusive jurisdiction as to the custody and support of a child remained in the court which had granted the divorce and originally awarded custody. In the case of Darty v. Darty, 33 Tenn.App. 321, 232 S.W.(2d) 59, it was held that, "On plaintiff's application for modification of divorce decree to provide for child support trial court had personal jurisdiction over defendant notwithstanding fact that defendant had become non-resident of state since decree of divorce in action was entered." We can see no difference in principle between the retention of jurisdiction for awarding support money from that of retaining jurisdiction for changing the custody of the child.

■ With reference to the question of whether Judge David Tom Walker of Division IV of the Circuit Court of Hamilton County was interested in the cause or so prejudiced in favor of defendant in error as to disqualify him from hearing this cause, we find nothing in the record to indicate that Judge Walker was incompetent under the provisions of section 17-201 T.C.A.; and, in the absence of a bill of exceptions, we must presume that this question was correctly resolved in the lower court, contrary to the contentions of plaintiff in error.

All of the assignments of error filed by plaintiff in error in this court will be overruled and the judgment of the Circuit Court of Hamilton County will be affirmed.

The cause will be remanded to the Circuit Court of Hamilton County, Division IV, for such further proceedings as may be necessary or proper and not inconsistent with this opinion.

The costs of the cause will be adjudged against the plaintiff in error and her surety on the appeal bond.

Avery, (P. J. W. S.), and Carney, J., concur.

## On Petition for Rehearing

In this cause, plaintiff in error, Elizabeth Rose Davis Talley, has filed a petition for rehearing. Said petition presents no new matter, not heretofore presented at the hearing of this cause, and same is accordingly denied.

One of the questions emphasized in the petition to rehear, which was presented with equal force and emphasis at the former hearing, was a contention that the cause had been improperly tried in the Circuit Court of Hamilton County before His Honor Judge David Tom Walker.

As was pointed out in our former opinion, filed November 27, 1962, there being no bill of exceptions in the record, we were compelled to conclusively presume in favor of the validity of the lower court's judgment on this point, as well as with reference to the judgment rendered. We must presume that the Circuit Court of Hamilton County in assigning this cause to Division IV of the Circuit Court of Hamilton County did so pursuant to rules of court adopted under authority of Section 16-514 T.C.A.; but this court cannot judicially know the rules established by the Circuit Courts, and will not notice them until they are proved on the trial below and incorporated into the bill of exceptions. Harris v. Bur-

ris, 1 Tenn.Cas. 80; Brewer v. State, 187 Tenn. 396, 215 S.W.(2d) 798; Shettles v. State, 209 Tenn. 157, 352 S.W. (2d) 1. As stated above, and as pointed out in our former opinion, there was no bill of exceptions in this case.

The petition to rehear also complains of the failure of this court to consider affidavits filed in the lower court which, although physically incorporated in the record, were not embodied in a bill of exceptions. The case of Wooldridge v. Robinson was cited in our former opinion as authority for this ruling. The correct citation for this case is 49 Tenn.App. 137, 352 S.W.(2d) 238, 244. Unfortunately in our former opinion this case was incorrectly cited as being in 252 S.W.(2d) 238, which was a typographical error.

If we are wrong, in adhering to our former opinion filed November 27, 1962, the petitioner has an adequate remedy, available in the form of a petition to the Supreme Court for issuance of its writ of certiorari. The petition to rehear is denied.

Avery, (P. J. W. S.), and Carney, J., concur.