**NASHVILLE RECORD PRODUCTIONS, INC., Plaintiff-Appellee,**

v.

**MR. TRANSMISSION, INC., Defendant-Appellant.**

Court of Appeals of Tennessee, Middle Section, at Nashville.

Aug. 13, 1981.

Permission to Appeal Denied by Supreme Court Nov. 9, 1981.

Charles A. High, Jr., Grissim & Short, Nashville, for plaintiff-appellee.

Alfred Adams, Jr., and Robert E. Kolarich, Adams, Taylor, Philbin, Pigue & Marchetti, Nashville, for defendant-appellant.

## OPINION

CONNER, Judge.

(Filed with concurrence of participating judges)

The main issue presented is whether the common law requirement for demand of rent can be abrogated by the agreement of the parties.

The defendant-appellant, Mr. Transmission, Inc.,[1] entered into a lease agreement with C. O. Hitchcock in 1972 to the improved property in question located in Davidson County, Tennessee, for a term of ten years. The plaintiff, Nashville Record Productions, Inc., purchased the subject property and the lessor's rights under that lease from Hitchcock's estate in 1977. Subsequently, the defendant subleased the building to Heath and Hayes Mailing Company, Inc. The sublease was then assigned to Mailers Unlimited.

The original lease between the parties provided that:

3. Lessee covenants and agrees to pay to Lessor as rental for said premises for the original term, the sum of Twenty-four Thousand ($24,000.00) Dollars per annum, payable in monthly installments of Two Thousand ($2,000.00) Dollars for each and every month of this original lease, *payable on the 1st day of each month, in advance, during the term of this lease.* (Emphasis supplied.)

The monthly rent was subsequently decreased to $1,400.00 per month for a reduced amount of space.

Further, the lease stated:

13. It is further understood and agreed that each and all of the terms, covenants, undertakings and agreements contained herein shall be and are to be construed as to conditions, (sic) and *upon the failure of the Lessee to pay said rent* or any installment thereof *as provided in Paragraph 3 hereof*, or upon its breach of or failure to perform and comply with any other of the covenants, undertakings or agreements contained in this lease *within ten (10) days after notice of default, Lessor* reserves the right to, and *may elect at any time to declare this lease forfeited* and at an end, *and to re-enter and take possession of the premises*, and in this event Lessor may re-rent said premises to such tenants as, in the opinion of Lessor, are suitable and proper and Lessor may hold Lessee liable for any loss occurring by reason of such re-renting and for any damages to the premises, and so, for each and every failure or breach during the term of this lease, it being expressly agreed that the failure on the part of Lessor to declare this lease forfeited, shall not be considered as a waiver of his right to elect as to any subsequent breach, the right being a continuing one. (Emphasis supplied.)

On January 1, 1980, the due date, the defendant had not paid rent for November and December, 1979, or January, 1980. The defendant was notified in writing of its default on January 2, 1980, and of plaintiff's intention to re-enter and take possession of the premises. Subsequently, the plaintiff received two checks for November and December, 1979, rent. After the checks were negotiated, the December check was returned to the plaintiff marked "Payment Stopped." The defendant did not receive the January, 1980, rent until January 25 or 26. Payment was also stopped on that check.

Mr. Transmission was notified by letter of February 12, 1980, that the plaintiff declared the lease forfeited. The plaintiff also notified Mailers Unlimited of the forfeiture and instructed it to pay future rent directly to Nashville Record Productions. Other than one check, as to which payment was stopped, plaintiff received no rent from Mailers Unlimited, and defendant makes no insistence that the demand upon its sublessee for payment relieved it from further liability for rent. Plaintiff continued to receive defendant's checks for February,

---

*1.* Hereinafter the parties will be referred to as in the trial court or by their names, as abbreviated.

March, April and May, 1980, rent; however, none of the checks were timely mailed or received, and defendant ultimately stopped payment on each check.

Nashville Record Productions instituted this suit in March of 1980 against the defendant and Mailers Unlimited to recover possession of the leased property, past due rent, attorney's fees, damages and real estate taxes. Mr. Transmission filed a counterclaim against the plaintiff claiming that it had caused the breach of defendant's sublease agreement with Mailers Unlimited, which had subsequently vacated the premises in May. Whereupon plaintiff locked the premises.

The chancellor granted the plaintiff's motion allowing it to re-enter and take possession of the premises in October, 1980. Thereafter, the chancellor awarded the plaintiff possession, past due rent through May of 1980 and interest thereon, taxes and attorney's fees against defendant. A default judgment was taken against Mailers Unlimited, which has not appealed. The counterclaim of Mr. Transmission was dismissed. Nashville Record Productions filed a post-judgment motion seeking an award of additional rents from June through September. This was denied. Both parties appealed.

■ Tennessee follows to a point an ancient common law rule that to be an effective forfeiture, the landlord must demand the rent on the day it is due, before sunset, and at the most public place on the land. *Parks v. Hays*, 92 Tenn. 161, 162, 22 S.W. 3, 4 (1893). However, the necessity of demand as a condition precedent to the forfeiture of a lease may be waived by agreement. *Etheridge v. First National Bank of Jackson*, 54 Tenn.App. 46, 50, 387 S.W.2d 835, 837 (1964). *See also Matthews v. Crofford*, 129 Tenn. 541, 552, 167 S.W. 695, 698 (1914); *Elder v. Epperson*, 173 Tenn. 219, 223, 116 S.W.2d 1015, 1017 (1938). "The lessor ordinarily may terminate the lease, pursuant to a forfeiture clause contained therein, for lessee's breach of covenant as to payment of rent." 51C, C.J.S. *Landlord and Tenant*, § 110 (1975).

■ In the instant case, the language in the lease is clear and unmistakable. Upon the breach of any of the conditions stated in the lease, the plaintiff reserved the right to declare the lease forfeited within ten days after notice of default. The defendant agreed to that language by execution of the lease. Mr. Transmission was given the proper notice in accordance with the forfeiture provision of the lease, and it failed to comply. In the modern commercial world when a lessor is not paid and has so contracted with a competent lessee, the lessor is entitled to possession of the premises after reasonable efforts to require the lessee to cure. A "ten day to cure" clause is reasonable. It prevents an automatic forfeiture which is not favored by the courts because of its harshness. In the instant case defendant was repeatedly delinquent and plaintiff finally exercised its rights in a lawful manner.

■ We agree with the chancellor's statements on the matter voiced at trial. He said:

I don't really know what more a landlord is supposed to do. Just sit back and wait and let the tenant decide to pay when he wants to. If he wants to be two months late, three months late, four months late, whatever. You're just supposed to sit back, and when you send him notices, he comes in with a stack of checks, even in itself incomplete, a month late, there's a month missing there, and says, "Here, take these, and you will have to live with it." I just don't believe the law puts a landlord in that position.

So I think there's plenty of justification for declaring the lease in default.

Insofar as the notation that someone was supposed to have gone to the premises where Mr. Dockery and his company were not even there to begin with to make some public statement in the daylight hours—the lease contract states clearly how it is, the rights and obligations of the parties. And that's in paragraph 13. And paragraph 13 was fully complied with by the plaintiff in terminating the lease.

Additionally, defendant maintains that it is entitled to relief because by the custom and course of dealings between the parties rent was paid at times other than the due date. This position is untenable. The lease agreement provides clearly that a prior failure to declare a breach shall not be a waiver of the Lessor's "right to elect as to any subsequent breach, the right being a continuing one."

The plaintiff complains that it is entitled to damages for rent for June through September, 1980. Nashville Record Productions claims that it did not receive possession of the building until the trial court granted the order entitling it to possession and re-entry on October 14, 1980, even though Nashville Record Productions had entered upon the premises and secured them in May of 1980 after Mailers Unlimited vacated.

In disallowing this claim the trial court stated:

> Now, after the tenant moved out, I don't see any reason why the plaintiff could not have obtained possession. The place was vacant. There seems to be some reference made to the dispute that was pending before the Court. I don't know of any reason why the plaintiff simply could not have taken possession. Or if they didn't for some reason feel comfortable doing that, then come to Court as they did finally in October and get the matter resolved with dispatch.

We agree with the trial court in disallowing rent from June through September, 1980. His findings of fact, though reviewed de novo, are clothed with a presumption of correctness. T.R.A.P. 13(d).[2] It is very easy for us to see how the chancellor found as a matter-of-fact that plaintiff had possession and use of the premises from June of 1980 forward.

Also, plaintiff asks for attorney's fees resulting from this appeal. Because the lease agreement expressly provides for the payment of attorney's fees and because defendant appealed first, we believe plaintiff is entitled to recover the reasonable fees of his attorneys in defending against Mr. Transmission's appeal. Such time as plaintiff's counsel spent perfecting its appeal and working on the issues raised therein should not be charged to defendant since Nashville Record Productions did not prevail thereon.

Accordingly, we affirm the judgment of the trial court. This matter is remanded to hear proof as to the appropriate measure of attorney's fees to be awarded to the plaintiff in accordance with our views expressed herein. The costs are taxed to the defendant.

AFFIRMED AND REMANDED.

TODD, P. J., and CANTRELL, J., concur.

---

**2.** *Rule 13. Scope of Review.—*

*(d) Findings* of Fact in Civil Actions.—Unless otherwise required by statute, review of findings of fact by the trial court in civil actions shall be de novo upon the record of the trial court, accompanied by a presumption of the correctness of the finding, unless the preponderance of the evidence is otherwise. . . .